RECD13 MAY '13 9:55USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

PENGUIN GROUP (USA) INC.,

Plaintiff(s),

v.

AMERICAN BUDDHA,

Defendant(s).

Civil Case No. 3:13-cv-00497-HU

APPLICATION FOR SPECIAL
ADMISSION – *PRO HAC VICE*

Attorney **Charles Carreon** requests special admission *pro hac vice* in the above-captioned case.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and certify that the following information is correct:

(1) **PERSONAL DATA:**

Name: **Carreon**, **Charles**, **H**
(Last Name) (First Name) (MI) (Suffix)

Firm or Business Affiliation: **Sole practicioner**

Mailing Address: **2165 S Avenida Planeta**

City: **Tucson**   State: **AZ**   Zip: **85710**

Phone Number: **520-841-0835**   Fax Number: **520-843-2083**

Business E-mail Address: **chascarreon@gmail.com**

#52274

(2) **BAR ADMISSIONS INFORMATION:**

    (a)    State bar admission(s), date(s) of admission, and bar ID number(s):
California, Admit date 1/14/1987, CSB # 127139
Oregon, Admit date 9/27/1993, OSB # 934697

    (b)    Other federal court admission(s), date(s) of admission, and bar ID number(s):

(3) **CERTIFICATION OF DISCIPLINARY ACTIONS:**

    (a)    ☐  I am not now, nor have I ever been subject to any disciplinary action by any state or federal bar association; or

    (b)    ☑  I am now or have been subject to disciplinary action from a state or federal bar association. (See attached letter of explanation.)

(4) **CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**

I have a current professional liability insurance policy in the amount of $ _____ that will apply in this case, and that policy will remain in effect during the course of these proceedings. Exemption from this requirement is requested on grounds explained in the attached letter (representation of blood relative as corp. director).

(5) **REPRESENTATION STATEMENT:**

I am representing the following party(s) in this case:
Defendant American Buddha

**(6)   CM/ECF REGISTRATION:**

Concurrent with approval of this *pro hac vice* application, I acknowledge that I will become a registered user of the Court's Case Management/Electronic Case File system. (*See* the Court's website at ord.uscourts.gov), and I consent to electronic service pursuant to Fed. R. Civ. P 5(b)(2)(E) and the Local Rules of the District of Oregon.

DATED this 10th day of May, 2013

*(Signature of Pro Hac Counsel)*
Charles Carreon
2013.05.10 16:48:59 -07'00'

Charles Carreon
*(Typed Name)*

**CERTIFICATION OF ASSOCIATED LOCAL COUNSEL:**

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in this particular case.

DATED this 10th day of May, 2013

*(Signature of Local Counsel)*

Name: Johnson, Derek, C
  (Last Name)   (First Name)   (MI)   (Suffix)

Oregon State Bar Number: 882340
Firm or Business Affiliation: Johnson Johnson Larson & Schaller PC
Mailing Address: 975 Oak St Ste 1050
City: Eugene    State: OR    Zip: 97401
Phone Number: 541-484-2434    Business E-mail Address: 541-484-0882

---

**COURT ACTION**

☐ Application approved subject to payment of fees.
☐ Application denied.

DATED this _____ day of _____, _____

_____
Judge

# CHARLES CARREON

LAW FOR THE DIGITAL AGE

May 9, 2013

United States District Court
District of Oregon
Mark O Hatfield U.S. Courthouse
1000 S.W. Third Ave.
Portland, OR 97204

Re:   *Pro Hac Vice Application in Case No. 3:13-cv-00497*

To the Court:

This letter supports my request for admission *pro hac vice* to allow me to represent defendant American Buddha *pro bono* in *Penguin v. American Buddha* Case No. 3:13-cv-00497. The corporation was incorporated in Oregon thirteen years ago. My spouse has been the sole Director for virtually its entire term of existence. I have previously represented this defendant in litigation in the District of Oregon, as discussed below. I have held an ECF account since with this Court since before the year 2000, and was a member of the CJA Panel for the District of Oregon from 1996 through 2000, and am quite familiar with the ECF system in this and many other District Courts. To address the precise requirements of the application, the following is respectfully submitted:

*First*, I submit my application on the grounds that I am not an active member of the Oregon State Bar. I was admitted to the Oregon State Bar in 1993. I went on inactive status at the expiration of the dues-paying year in 2007, not long after moving to Tucson, Arizona in April of that year. Accordingly, I just logged my fifth inactive year this January, and as of then, I can only activate my OSB membership by applying for reinstatement, that requires payment of a fee of over five-hundred dollars, according to the Bar official with whom I spoke, and the presentation of considerable background information, much like the original application for admission. I have no other clients in Oregon, nor do I anticipate any other reason to practice in Oregon. Accordingly, *pro hac vice* admission is the better alternative for me.

*Second*, I account for my instances of prior discipline. As shown in Exhibit A hereto, my complete Certificate of Good Standing with attached stipulation for discipline, I submitted to a sixty-day suspension for multijurisdictional practice and negligent disbursement of $1,400 in client funds on behalf of a Nevada corporation doing business in Vancouver, B.C. This occurred in early 2002 when I paid the funds without prior client approval to a third party lessor to satisfy a corporate lease liability I personally incurred as general counsel for the Nevada corporation. The lease funds were lawfully due, and the payment caused no harm to the client, but should have been made only with prior client approval. While such a transaction would not ordinarily have stimulated a bar complaint, in my case, I had left the company (on the advice of OSB ethics counsel) in the midst of a partnership breakup in which my sympathies went with the minority partner who was ousted. I was represented by Peter Jarvis in the matter, who thereafter negotiated a reciprocal sanction with

the California State Bar, that imposed an identical sanction for the same conduct, with the additional requirement that I retake the Professional Responsibility Exam and complete three years of probation, as recorded on the Certificate of Standing attached as Exhibit B. Being subject to bar discipline induced reflection on the nature of law practice, how to choose clients carefully and improve the ethical tenor of my communications with them. The study required to retake the PRE was also beneficial, and since these instances of discipline, I have reduced my client load, worked on developing client relations skills, and been more attentive to ethical concerns generally.

*Third*, there is the issue of my request for an exemption from a requirement of having professional liability insurance. I believe that under PLF rules, I am exempt from the malpractice insurance coverage requirement, because, as recorded on Exhibit C, the Director is my spouse of 39 years, Tara Carreon. The basis for my statement is past practice. I represented American Buddha in this Court in *American Buddha v. City of Ashland*, Case No. 06-cv-3054 PA, and before the Ninth Circuit in the appeal of that case, during a time period when I was on active status in Oregon, but living out of state in California and Arizona. At that time I established by direct consultation with a PLF staff attorney that such representation, without professional liability insurance, was in compliance with PLF rules because of my spousal relation with the corporation's Director.

*Fourth*, I will advise the Court that with respect to the American Buddha corporation, I have also been admitted *pro hac vice* in the New York predecessor to this litigation in the Southern District of New York in *Penguin v. American Buddha*, Case No., 09-CIV-00528 RA, recently dismissed on grounds of personal jurisdiction for the second time after a successful appeal by Penguin in *American Buddha I* and *American Buddha II*. In order to perform the appellate work, I gained full admission to the Second Circuit, and was admitted *pro hac vice* to New York's highest court, the New York Court of Appeals. The current litigation in the SDNY has not yet been fully resolved, as American Buddha's motion for costs and fees as a prevailing party under 17 U.S.C. § 505 is currently pending before Judge Abrams in the SDNY, marking the fourth anniversary of that litigation.

*Last*, I will advise the Court of one other bar association of which I am a member in the lesser capacity of "Registered In-House Counsel" under State Supreme Court of Arizona Ruling R-08-0006. This registration does not confer the right to appear in Arizona courts, and did not seem appropriate for inclusion under item (2) of the application.

For all of the above reason, I respectfully request the Court to grant my application for admission pro hac vice in *Penguin v. American Buddha* Case No. 3:13-cv-00497.

Very truly yours,

Charles Carreon
2013.05.10
16:49:16 -07'00'

Charles Carreon
Attorney at Law

# Exhibit A

# THE STATE BAR
# OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1617                    TELEPHONE: 888-800-3400

## CERTIFICATE OF STANDING

January 29, 2013

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, CHARLES HERNAN CARREON, #127139 was admitted to the practice of law in this state by the Supreme Court of California on January 14, 1987; that from the date of admission to January 20, 1995, he was an ACTIVE member of the State Bar of California; that on January 20, 1995, he transferred at his request to the INACTIVE status as of January 1, 1995; that from that date to January 24, 1997, he was an INACTIVE member of the State Bar of California; that on January 24, 1997, he transferred at his request to the ACTIVE status; that on April 10, 2006, a notice of hearing was issued by State Bar court to commence formal disciplinary proceedings and hearings; that from January 24, 1997 to September 21, 2006, he was an ACTIVE member of the State Bar of California; that on September 21, 2006, he was suspended from the practice of law in California by order of the Supreme Court; that said suspension remained in effect until November 20, 2006, upon which date he was reinstated to the ACTIVE status; and that he has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California.

THE STATE BAR OF CALIFORNIA

Kathan Lambert
Custodian of Membership Records

# Exhibit B



Oregon State Bar

# Certificate

State of Oregon )
                         ) ss.
County of Washington )

I, Linn D. Davis, do hereby certify that I am an Assistant Disciplinary Counsel of the Oregon State Bar, and have access to the official files and records of the Oregon State Bar.

The official files and records of the Oregon State Bar indicate:

**CHARLES H. CARREON**

was admitted to practice law in the State of Oregon by examination and became an active member of the Oregon State Bar on September 27, 1993. From September 27, 1993 to October 23, 2005, Mr. Carreon was an active member of the Oregon State Bar in good standing, licensed and entitled to practice law in all courts of the State of Oregon.

On October 24, 2005, a 60 day suspension was imposed on Mr. Carreon (see copy of order attached, consisting of 8 pages). He was reinstated to active status on April 27, 2006.

Mr. Carreon transferred to an inactive status on January 31, 2008.

Mr. Carreon is an inactive member of the Oregon State Bar in good standing.

DATED this 28th day of January, 2013.

Linn D. Davis
Assistant Disciplinary Counsel
Oregon State Bar

CERTIFIED TRUE COPY

IN THE SUPREME COURT
OF THE STATE OF OREGON

In re:                                         )
                                               )
Complaint as to the Conduct of                 )   Case No. 04-146
                                               )
CHARLES H. CARREON,                            )   STIPULATION FOR
                                               )   DISCIPLINE
Accused.                                       )

       Charles H. Carreon, attorney at law, (hereinafter, "the Accused") and the Oregon State Bar (hereinafter, "the Bar"), hereby stipulate to the following matters pursuant to Oregon State Bar Rule of Procedure 3.6(c).

1.

       The Bar was created and exists by virtue of the laws of the State of Oregon and is, and at all times mentioned herein was, authorized to carry out the provisions of ORS Chapter 9, relating to the discipline of attorneys.

2.

       The Accused was admitted by the Oregon Supreme Court to the practice of law in Oregon on September 27, 1993, and has been a member of the Oregon State Bar continuously since that time, currently having his office and place of business in Jackson County, Oregon.

3.

       The Accused enters into this Stipulation for Discipline freely and voluntarily. This Stipulation for Discipline is made under the restrictions of Bar Rule of Procedure 3.6(h).

4.

       On January 19, 2005, a Formal Complaint was filed against the Accused pursuant to the authorization of the State Professional Responsibility Board (hereinafter, "SPRB"), alleging violation of DR 3-101(B) (unlawful practice of law) and DR 9-101(A) (failure to deposit or

PAGE 1 - STIPULATION FOR DISCIPLINE - CHARLES H. CARREON

1  maintain client funds in trust). The parties intend that this Stipulation for Discipline set forth all
2  relevant facts, violations and the agreed-upon sanction as a final disposition of the proceeding.

3                                        Facts
4                                         5.

5       In or around October 2001, the Accused was hired by Sweet Entertainment Group and
6  Sweet Productions, Inc. (hereinafter collectively "SEG"), a U.S. corporation, on a non-exclusive
7  basis to function as house counsel for its U.S. legal matters and business operations in
8  Vancouver, British Columbia, Canada. The Accused is not, and at all times mentioned herein
9  was not, an attorney duly admitted or licensed to practice law in the province of British
10 Columbia or the country of Canada.

11                                        6.

12      Under British Columbia Law Society Rule (hereinafter "BC Rules") 2-18, a lawyer
13 wishing to practice only foreign law in British Columbia, Canada, must complete an application,
14 submit it with a fee to the Executive Director and obtain a permit to act as a practitioner of
15 foreign law in British Columbia. The Accused did not apply for or obtain admission as a
16 practitioner of foreign law under BC Rule 2-18.

17                                        7.

18      From Fall 2001 through Spring 2002, the Accused acted as house counsel for SEG and
19 engaged in the practice of law in British Columbia, Canada, in violation of BC Rules.

20                                        8.

21      As counsel for SEG, the Accused held in his trust account settlement proceeds for the
22 benefit of SEG, received in connection with a litigation matter. On or about October 11, 2002,
23 without consulting with SEG or obtaining its express consent, the Accused utilized $1,400 of the
24 settlement proceeds to pay a portion of a money judgment that had been entered against the
25 Accused and his wife for a residential lease they signed in connection with the Accused's

PAGE 2 - STIPULATION FOR DISCIPLINE - CHARLES H. CARREON

Oregon State Bar
Disciplinary Counsel's Office
5200 SW Meadows Road
Lake Oswego, Oregon 97035
1-800-452-8260

13

employment in Canada. At the time, the Accused knew or should have known that SEG disputed whether the Accused was entitled to payment for the lease as a reimbursable employment expense.

### Violations

9.

The Accused admits that, by practicing law in a jurisdiction where to do so was in violation of regulations of the profession in that jurisdiction and by failing to maintain client funds in a lawyer trust account, he violated DR 3-101(B) and DR 9-101(A) of the Code of Professional Responsibility.

### Sanction

10.

The Accused and the Bar agree that in fashioning an appropriate sanction in this case, the Disciplinary Board should consider the ABA *Standards for Imposing Lawyer Sanctions* (hereinafter, "*Standards*"). The *Standards* require that the Accused's conduct be analyzed by considering the following factors: (1) the ethical duty violated; (2) the attorney's mental state; (3) the actual or potential injury; and (4) the existence of aggravating and mitigating circumstances.

    a. **Duty Violated.** The Accused violated his duty to his client to preserve client property and his duty to the profession to refrain from the unauthorized practice of law. *Standards* §§ 4.1, 7.0.

    b. **Mental State.** The Accused knowingly engaged in the practice of law in Canada, negligent of his duty to be licensed as a foreign legal consultant in violation of the BC Rules, and negligent in his failure to investigate the licensing requirements prior to engaging in such practice in Canada. "Knowledge" is the conscious awareness of the nature or attendant circumstances of the conduct but without the

PAGE 3 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

conscious objective or purpose to accomplish a particular result. *Standards* at 7. "Negligence" is the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation. *Id.* The Accused also knew or should have known that he was dealing improperly with client property, but utilized the funds believing that SEG would ultimately be responsible for his lease obligation.

 c. **Injury.** Injury does not need to be actual, but only potential to support the imposition of sanctions. *In re Williams*, 314 Or 530, 840 P2d 1280 (1992). The Accused caused actual and potential injury to his client. The client was denied the opportunity to challenge the Accused's use of its funds for payment of the lease judgment. In addition, the BC Rules require proof of malpractice coverage by an applicant as a practitioner of foreign law under BC Rule 2-18. The Accused did not comply with the practitioner of foreign law admissions rule, and did not obtain malpractice coverage for his work on behalf of SEG.

 d. **Aggravating Factors.** Aggravating factors include:

  1. The Accused utilized client funds for a personal obligation. *Standards* § 9.22(b);

  2. Multiple offenses. *Standards* § 9.22(d);

  3. The Accused has substantial experience in the practice of law, having been admitted in Oregon in 1993 and in California in 1987. *Standards* § 9.22(i)

 e. **Mitigating Factors.** Mitigating factors include:

  1. The Accused has no prior history of discipline. *Standards* § 9.32(a).

  2. The Accused has displayed a cooperative attitude toward the disciplinary proceedings. *Standards* § 9.32(e).

PAGE 4 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

11.

The *Standards* provide that absent aggravating or mitigating circumstances, suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client funds and causes injury or potential injury to a client. *Standards* § 4.12. Suspension is also appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional (i.e., unauthorized practice of law), and causes injury or potential injury to a client, the public, or the legal system. *Standards* § 7.2.

12.

Oregon case law is in accord. *See, e.g., In re Eakin*, 334 Or 238, 258-58, 48 P3d 147 (2002) (60-day suspension where lawyer "should have known" that she was dealing improperly with the trust account, due in part to substantial experience in the practice of law); *In re Wyllie*, 331 Or 606, 19 P3d 338 (2001) (4-month suspension for violation of DR 9-101(A) and other charges, with prior discipline); *In re Starr*, 326 Or 328, 952 P2d 1017 (1998) (6-month suspension for improperly withdrawing disputed funds from trust); *In re Williams*, 314 Or 530, 840 P2d 1280 (1992) (63-day suspension for, among other charges, failing to hold funds in trust pending resolution of dispute). *See also, In re Jones*, 308 Or 306, 779 P2d 1016 (1989) (6-month suspension for unlawful practice); *In re Nelson*, 17 DB Rptr 41 (2003) (reprimand for unauthorized appearance in Washington bankruptcy); *In re Kimmell*, 10 DB Rptr 175 (1996) (reprimand for representation of clients in 3 matters in California while inactive in that state); *In re Butler*, Or S Ct No.S40533 (1993) (90-day suspension for filing an answer to a complaint in Nebraska when he was not authorized to practice law in Nebraska).

13.

Consistent with the *Standards* and Oregon case law, the parties agree that the Accused shall be suspended for 60 days for violation of DR 3-101(B) and DR 9-101(A) of the Code of

PAGE 5 - STIPULATION FOR DISCIPLINE - CHARLES H. CARREON

Oregon State Bar
Disciplinary Counsel's Office
5200 SW Meadows Road
Lake Oswego, Oregon 97035
1-800-452-8260

16

1  Professional Responsibility, the suspension to be effective October 1, 2005 or three (3) days after
2  this stipulation is approved, whichever is later.

3                                          14.

4      This Stipulation for Discipline is subject to review by Disciplinary Counsel of the Oregon
5  State Bar and to approval by the State Professional Responsibility Board (SPRB). If approved by
6  the SPRB, the parties agree the stipulation is to be submitted to the Disciplinary Board for
7  consideration pursuant to the terms of BR 3.6.

9      EXECUTED this 9th day of September, 2005.

                                    _____
                                    Charles H. Carreon
                                    OSB No. 93469

14     EXECUTED this 23rd day of September, 2005.
                                    OREGON STATE BAR

                                    By: _____
                                    Amber Bevacqua-Lynott
                                    OSB No. 99028
                                    Assistant Disciplinary Counsel

PAGE 6 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

1      I, Charles H. Carreon, being first duly sworn, say that I am the Accused in the above-entitled proceeding and that I attest that the statements contained in the stipulation are true and
2  correct as I verily believe.

                                                                     Charles H. Carreon

6  Subscribed and sworn to before me this 9th day of September, 2005.

            [OFFICIAL SEAL / J. AUSTAD / NOTARY PUBLIC-OREGON / COMMISSION NO. 368768 / MY COMMISSION EXPIRES JUNE 21, 2007]      Notary Public for Oregon
                                                                             My commission expires: 6-21-07

12      I, Amber Bevacqua-Lynott, being first duly sworn, say that I am Assistant Disciplinary Counsel for the Oregon State Bar and that I attest that I have reviewed the foregoing Stipulation
13  for Discipline and that the sanction was approved by the SPRB for submission to the Disciplinary Board on the 12th day of August, 2005.

                                                                     Amber Bevacqua-Lynott

17  Subscribed and sworn to before me this 23 day of September, 2005.

          [OFFICIAL SEAL / SANDY L. GERBISH / NOTARY PUBLIC-OREGON / COMMISSION NO. 365471 / MY COMMISSION EXPIRES FEBRUARY 22, 2007]     Sandy L. Gerbish
                                                                    Notary Public for Oregon
                                                                    My commission expires: 2/22/2007

PAGE 7 – STIPULATION FOR DISCIPLINE – CHARLES H. CARREON

# Exhibit C

# AMENDED ANNUAL REPORT



Corporation Division
www.filinginoregon.com

**E-FILED**
May 07, 2013
**OREGON SECRETARY OF STATE**

---

**REGISTRY NUMBER**
  75795980

**REGISTRATION DATE**
  06/08/2000

**BUSINESS NAME**
  AMERICAN BUDDHA

**BUSINESS ACTIVITY**
  SPIRITUAL AND CULTURAL EDUCATION, OPERATION OF LIBRARY AND COMMUNITY CENTER.

**MAILING ADDRESS**
  2165 S AVENIDA PLANETA
  TUCSON AZ 85710 USA

**TYPE**
  DOMESTIC NONPROFIT CORPORATION

**PRIMARY PLACE OF BUSINESS**
  2165 S AVENIDA PLANETA
  TUCSON AZ 85710 USA

**JURISDICTION**
  OREGON

**REGISTERED AGENT**
  ANA CARREON

  462 ALLISON STREET
  ASHLAND OR 97520 USA

**PRESIDENT**
  TARA CARREON

  2165 S AVENIDA PLANETA
  TUCSON AZ 85710 USA

**SECRETARY**
  ANA CARREON

  462 ALLISON ST
  ASHLAND OR 97520 USA

Corporation Division
www.filinginoregon.com

OREGON SECRETARY OF STATE

---

By my signature, I declare as an authorized authority, that this filing has been examined by me and is, to the best of my knowledge and belief, true, correct, and complete. Making false statements in this document is against the law and may be penalized by fines, imprisonment, or both.

By typing my name in the electronic signature field, I am agreeing to conduct business electronically with the State of Oregon. I understand that transactions and/or signatures in records may not be denied legal effect solely because they are conducted, executed, or prepared in electronic form and that if a law requires a record or signature to be in writing, an electronic record or signature satisfies that requirement.

**ELECTRONIC SIGNATURE**

TARA LYN CARREON

**TITLE**

DIRECTOR

**DATE SIGNED**

05-07-2013

## PROOF OF SERVICE

The undersigned hereby certifies and affirms, pursuant to 28 U.S.C. § 1746 (2) that:

I am over the age of eighteen and not a party to the herein matter. My business address is 2165 S. Avenida Planeta, Tucson, Arizona 95710.

On May 10, 2013, I served the foregoing Application for Pro Hac Admission on:

Duane Bosworth
Davis Wright Tremaine, LLP
1300 SW Fifth Ave.
Suite 2400
Portland, Oregon 97201-5610

By enclosing the same in an envelope so addressed, and depositing it, on the said date, in a U.S. Postal Service Mail receptable at Tucson, Arizona, postage fully prepaid.

Charles Carreon
2013.05.10 17:18:36
-07'00'

Charles Carreon