**Derek C. Johnson, OSB #88234**
djohnson@jjlslaw.com
Johnson Johnson Larson & Schaller
975 Oak Street, Suite 1050
Eugene, OR 97401
Phone: (541) 484-2434
Fax:  (541) 484-0882

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **PENGUIN GROUP (USA), INC.,**  )<br>)<br>Plaintiff,  )<br>)<br>)<br>)<br>)<br>)<br>v.  )<br>)<br>**AMERICAN BUDDHA,**  )<br>)<br>Defendant.  )<br>)  | Case No.: 3:13-CV-00497<br><br>**MOTION TO REQUIRE PAYMENT OF DEFENSE COSTS OF PREVIOUSLY DISMISSED ACTION AND FOR STAY OF ACTION PENDING PAYMENT THEREOF**<br>**[F.R.C.P. 41(d)]** |

Defendant American Buddha respectfully moves the Court pursuant to F.R.C.P. 41(d) for an order requiring plaintiff Penguin Group (USA), Inc. to pay defendant's costs of defending the previously-dismissed action, and staying this action pending defendant's payment thereof.

The grounds for the motion are that the same plaintiff sues the same defendant in this action on the same claim for relief as was previously alleged in *Penguin v. American Buddha,* SDNY Case No. 09-CIV-00528, filed January 20, 2009 (the "New York litigation"); that the New York litigation was an exercise in forum-shopping conducted for the sake of harassment; that the New York litigation was dismissed twice for lack of personal jurisdiction, most recently on March 7, 2013 by the Hon. Ronnie Abrams; that the refiling of the action in the District of Oregon, rather

than in the District of Arizona, where the Director of defendant corporation resides and has resided since 2007, is a further exercise in forum-shopping; and, that it would prejudice defendant to require it to maintain the defense of this second action without receiving the relief provided for under Rule 41(d).  Defendants respectfully requests a telephonic hearing on the motion.

    The motion is supported by attached Memorandum of Law, the Declaration of Charles Carreon submitted herewith, the files and records of the action, and such additional evidence and argument as the Court may consider at the hearing on the motion.

DATED: May 16, 2013.                                    /s/ Derek C. Johnson
                                                                                            Derek C. Johnson, OSB #88234
                                                                                            Johnson Johnson Larson & Schaller
                                                                                            Attorney for Defendant American Buddha

## MEMORANDUM OF LAW

### 1. Procedural History

*Penguin v. American Buddha,* SDNY Case No. 09-CIV-00528 (the "New York litigation") was filed on January 20, 2009 by Penguin Group (USA), Inc. ("Penguin") alleging one claim for copyright infringement against American Buddha. (Exhibit 1.)  Defendant was then and now is an Oregon nonprofit corporation, whose Director has at all times relevant resided in Tucson, Arizona.[1]  (Exhibit 2.)

On motion made pursuant to F.R.C.P. 12(b)(2), the Hon. Gerard Lynch dismissed the action for lack of personal jurisdiction on April 21, 2009.  (Exhibit 3.)  Defendant's counsel's declaration filed in support of that motion, attached as Exhibit 4, made it clear from the outset that American Buddha had no New York revenue, and that therefore it was highly unlikely that jurisdiction could ever be upheld under New York's longarm statute, C.P.L.R. § 302(a)(3)(ii), that precludes a New York state or federal court from exercising "jurisdiction over any non-domiciliary" that does not "derive substantial revenue" either from within New York or from "interstate or international commerce."  (Carreon Dec. ¶ 4.)

Penguin appealed Judge Lynch's decision to the Second Circuit, and obtained reversal after protracted appellate litigation resulting in the answer to a certified question by New York's highest state court, establishing that the situs of copyright injury for New York copyright owners is New York.  *Penguin Group (USA) Inc. v. American Buddha,* 16 N.Y.3d 295, 301-302, 307 (2011).  The New York court's answer to the certified question did nothing to create facts that would help Penguin carry its burden on the second, revenue prong of C.P.L.R. § 302(a)(3)(ii).  (Carreon Dec. ¶¶ 5 - 6.)

As detailed in the attached declaration of defendant's counsel, the litigation after remand was made arduous by Penguin, that: opposed the second motion to dismiss with arguments that

---

[1] American Buddha was formed June 8, 2000 as an Oregon corporation because Director Tara Carreon lived in Ashland, Oregon then.  In April 2007, the Director moved to Tucson, Arizona.  She has returned to Oregon only once since then, for a one-week visit.  The Director is the sole volunteer and Director for the corporation.  A redacted copy of her Arizona driver's license, issued November 8, 2007, is attached as **Exhibit 2.**

Judge Koeltl dismissed as attempts to induce him to rewrite legislation (Exhibit 5, 8:6-12); insisted on doing extensive and useless discovery, including a subpoena to defendant's counsel's company (Carreon Dec. ¶¶ 8-9); and, opposed the third motion to dismiss with bizarre "alter ego" arguments that attempted to impute defendant's counsel's publishing revenues to the defendant (Carreon Dec. ¶ 14).  In summary, Penguin struggled on doggedly to the bitter end, until its vain arguments were deflated by Judge Ronnie Abrams in her March 7, 2013 decision.  (Exhibit 7.)

2. **Rule 41(d) Gives The Court Discretion To Award Defendant Costs, Including Attorney's Fees, for the Sake of Deterring Forum-Shopping and Avoiding Prejudice to Defendant**

F.R.C.P. 41(d) provides:

> "(d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied."

The leading case on the issue appears to be *Esquivel v. Arau*, 913 F.Supp. 1382 (C.D.Cal. 1996) that recites facts virtually parallel to the instant litigation.  Numerous District Courts have awarded defendants the costs of defending prior litigation under Rule 41(d), following *Esquivel*. In *Esposito v. Platrowski, et al.*, 223 F.3d 497, 501 (7th 2000), the Seventh Circuit authorized an award of fees as part of the costs award, because "awarding such fees as part of costs advances the purpose of Rule 41(d), which is to deter forum shopping and vexatious litigation." *Esposito, at id., following Esquivel.*

"In resolving a motion brought under Rule 41(d), the Court should assess whether the parties and claims are the same as those in the previously dismissed action and consider whether the plaintiff's conduct satisfies the requirements and intended purpose of Rule 41(d). [Citations.] Finally, the Court should ask whether the circumstances of the case warrant an award of costs to

prevent prejudice to the defendant." *Garcia v. Fed. Home Loan Mortg. Corp.* (E.D. Cal., 2012) (see Supplemental Authorities), *citing Esquivel,* 913 F. Supp. at 1387.

### 3. Penguin Is Forum-Shopping

If it were not clear that Penguin was forum-shopping when it spent four years pursuing the New York litigation instead of filing suit in Arizona, where defendant's Director resides, the current filing, in a venue where jurisdiction is proper but the inconvenience to defendant is obvious, removes all doubt on the issue. Accordingly, that element of the test is satisfied.

### 4. The Court Can Minimize Prejudice to the Defendant by Awarding Costs

"An ancillary function of [Rule 41(b)] is to minimize prejudice to a defendant forced to mount a defense in two separate actions." *Powers v. Chase Bankcard Servs. Inc.* (S.D. Ohio, 2010) (see Supplemental Authorities)*, citing Rogers v. Wal-Mart Stores, Inc., supra,* 230 F.3d 868, 874 (6th Cir. 2000) and *Esquivel v. Arau,* 913 F.Supp. 1382, 1385 (C.D.Ca. 1996).

There is no question that defendant has been prejudiced by having to defend the New York litigation for four years. The Court can minimize the prejudice by granting this motion. The hours incurred by defendant's counsel are set forth in detail in Exhibit 9, and all other facts necessary to establish that the work performed by counsel was reasonable and necessary to the outcome produced for defendant. (Carreon Dec. ¶¶ 17 – 22.)

### 5. Conclusion

For all of the above reasons, defendant respectfully submits that good cause exists to grant the motion, and issue an Order in the form submitted herewith, granting an award of defendant's costs in the amount of $87,971.34, and staying the action until plaintiff has paid.

DATED: May 16, 2013.　　　　　　　　　　/s/ Derek C. Johnson
　　　　　　　　　　　　　　　　　　　　Derek C. Johnson, OSB #88234
　　　　　　　　　　　　　　　　　　　　Johnson Johnson Larson & Schaller
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant American Buddha