**DUANE A. BOSWORTH, OSB** #825077
duanebosworth@dwt.com
**TIM CUNNINGHAM, OSB** #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **PENGUIN GROUP (USA) INC.,**<br>                     **PLAINTIFF**,<br>v.<br>**AMERICAN BUDDHA,**<br>                     **DEFENDANT**. | Case No. 3:13-cv-00497<br><br>**RESPONSE TO APPLICATION FOR SPECIAL ADMISSION -** *PRO HAC VICE* |

    After inquiry and due consideration, counsel for plaintiff is compelled to bring certain matters to the Court's attention as the Court considers the application for *pro hac vice* admission of Charles Carreon. Counsel is well aware that consideration of Mr. Carreon's application is a matter within the Court's discretion. Counsel brings these matters forward not for the purpose of delay or harassment, although applicant may contend otherwise.

    LR 83-3 states in summary that any attorney who is an active member in good standing of the bar of any United States court, or the highest court of any state, may apply to be specially admitted *pro hac vice* if he or she: associates with local counsel who will meaningfully

Page 1 - RESPONSE TO APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22046918v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

participate; pays an admission fee and files an application; and certifies that professional liability insurance will apply and remain in force throughout the case and any appeal.  LR 83-7 thereafter requires, in summary, a specially admitted attorney to perform with the honesty and care required for the fair and efficient administration of justice.  Counsel concludes the following information is relevant to the Court's consideration of the pending application:

1.  In his recent application for attorney fees in the United States District Court, Southern District of New York, Mr. Carreon represented to that court, pursuant to 28 U.S.C. § 1746(2), and for the purpose of establishing his credentials regarding fees requested, that "I am an attorney licensed to practice before all courts in the State of … Oregon."  Bosworth Decl., Ex. 1.  That representation to the court was simply untrue.  Mr. Carreon was then inactive and had been inactive in the Oregon State Bar since January, 2008.  Pursuant to Oregon State Bar Rules of Procedure BR 8.1, Mr. Carreon was not able at the time of his representation to that court, nor had he been able for more than five years previously, to practice law in Oregon or to appear in *any* court in the state of Oregon.  (In fact, because of the extended length of Mr. Carreon's inactivity, he could not resume the practice of law in Oregon without application to and express approval by the Oregon Supreme Court.  BR 8.1.)

In a telephone call recorded by voicemail the day before a first appearance was due in this matter, Mr. Carreon represented that he was "just right now reactivating my status to active at the Oregon Bar, so I am reactivating and just want to speak with you about a modest extension of time …."  He again confirmed his intention to reinstate his active status in a subsequent email.  Mr. Carreon's misrepresentation to the federal court in the Southern District of New York, however, along with his continuing misrepresentations in his online and published resumes (Bosworth Decl., Ex. 2) -- which continue to this moment to indicate he is licensed to practice in Oregon while his inactive status prohibits any practice of law in this state -- would have represented significant obstacles to reinstatement.  On information and belief, counsel states that this can be confirmed by counsel within the Oregon State Bar.  In *In re Kimmell*, 10 DB Rptr.

Page 2 - RESPONSE TO APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22046918v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ᐧ (503) 778-5299 fax

175 (1996), an attorney licensed to practice in Oregon represented on firm letterhead that he was admitted to practice law in California at a time that his inactive status in California prohibited his practice there.  "The letterhead was a communication which contained a material misrepresentation of fact necessary to make the communication as a whole not misleading, as the Accused was on inactive status and was not entitled to practice law in California without reactivating his status.  … The letterhead was intended to create the impression that the Accused could currently practice in California."  The Accused violated then DR 3-101(B) "by using letterhead that omitted facts necessary to make the communication as a whole not misleading."  In mitigation, the Accused argued that "the letterhead was not misleading as he could have become active in California on any day by paying an activation fee."  In pursuing and obtaining a sanction, the Bar disagreed and concluded that the Accused "was not eligible to practice until he [became reactivated], and the letterhead was misleading as a whole."

Similarly, in *In re Magar*, 337 Or. 548, 100 P.3d 727 (2004), the Oregon Supreme Court found that "[t]he accused has been an inactive lawyer for four years.  In that status, the accused may not engage in the practice of law …."  *Id*. at 553.  Sanctions were upheld because "the accused, an inactive member of the Bar, violated ORS 9.160 (holding self out as lawyer without authorization to do so) … [and] DR 2–101(A)(1) (making or causing to be made communication containing material misrepresentation about self or omitting statement of fact necessary to make communication considered as whole not materially misleading) …."  *Id*. at 550.

2.  With regard to liability insurance, Mr. Carreon asks for recognition of a personal exemption from this requirement because of "representation of blood [*sic*] relative as corp. director." Application, p. 2.  In Mr. Carreon's letter to the Court he states that "under PLF rules, I am exempt from the malpractice coverage insurance requirement, because … the Director [of defendant] is my spouse …."

With all due respect, the PLF rules do not provide an "exemp[tion] from the malpractice coverage insurance requirement."  They are clear about a different matter, however, an exclusion

Page 3 - RESPONSE TO APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22046918v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

from coverage.  The PLF plan states in pertinent part:  "This plan does not apply to any CLAIM based upon or arising out of YOUR legal services performed on behalf of YOUR spouse, parent, step-parent, child, step-child, sibling, or any member of YOUR household, or on behalf of a business entity in which any of them, individually or collectively, have a controlling interest."  2012 PLF Claims Made Plan, V, ¶ 11.  The PLF's comment to this exclusion makes clear that the better practice is to have another attorney perform legal services for a first attorney's family member.  The comment states:  "Work performed for family members is not covered under this Plan.  A CLAIM based upon or arising out of such work, even for example a CLAIM against other lawyers or THE FIRM for failure to supervise, will be excluded from coverage.  This exclusion does not apply, however, if one attorney performs legal services for another attorney's family member."

   Mr. Carreon's application appears to indicate he has no professional liability insurance in Oregon, California, or Arizona.  With all due respect, he doesn't have an exemption from the requirement of professional liability coverage but he is choosing to engage in the provision of legal services that are excluded from coverage by Oregon's PLF.  Mr. Carreon might argue that his wife is not likely to sue him.  She is not being represented personally, however, and she is bound by fiduciary responsibilities to the Oregon corporation in this case.

   3. Mr. Carreon's Application points out that he has "Registered In-House Counsel" status under Arizona Supreme Court Rule 38(h).  A copy of that rule is found on page 2 of Exhibit 3.  Under the rule, Mr. Carreon is eligible as long as he is "employed as in-house counsel within the state of Arizona" for a single corporation.  Rule, ¶¶ 2, 9.  On information and belief, the Arizona State Bar requires that such an attorney receive a W-2 form.  Under that rule, Mr. Carreon may not "provide legal services to any person or entity other than the one for which the registrant serves as in-house counsel, or its parents, subsidiaries or affiliates …." *Id*. ¶ 9.  The only exception to this is pro bono service following admission *pro hac vice* in Arizona for a particular pro bono matter.  *Id*. ¶ 10.  In short, the rule allows an attorney in Arizona to provide

Page 4 - RESPONSE TO APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22046918v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

legal services for a single employer within the state of Arizona, but not including appearance in the courts of Arizona.

In Mr. Carreon's present declaration in support of his Motion to Extend Time, he represents to this Court that he now has "a solo practice servicing small to mid-sized technology and media clients doing transactional and litigation work, some criminal defense when the appropriate case arises, and pro bono work in various fields." *Id*. at ¶ 17.  He also advises that "I have a client base that includes media creators, software companies, and website operators, from places as distant as, the United Kingdom, Australia, and India, in a variety of capacities, including corporate acquisitions of entire companies, and the management of substantial intellectual property portfolios." *Id*., ¶ 18.  It would appear from the Arizona rule that Mr. Carreon cannot provide any of these legal services in Arizona, except for any pro bono work in which he secured *pro hac vice* status.  It may be that Mr. Carreon represents that he does not perform these legal services in Arizona although he lives and practices in Arizona.  His representations to this Court in paragraphs 17 and 18 of his declaration above, and in his website, simply raise a question of where all of those services are provided.

4.  LR 83-7 requires an attorney who has been admitted for special practice pursuant to LR 83-3 to "perform with honesty, care and decorum required for the fair and efficient administration of justice."  Counsel briefly notes the following five matters:

a.  Mr. Carreon represents not only to the Southern District of New York but presently, to this Court, that "I am an attorney licensed to practice before all courts in the State of … Oregon."  Declaration of Charles Carreon in Support of Motion to Require Payment of Defense Costs, p. 1.  Mr. Carreon makes this representation at the same time he is seeking *pro hac vice* admission precisely because he is *not* licensed to practice before any court in the State of Oregon.  If it can be argued this is not a matter of "honesty … required for the fair and efficient administration of justice," LR 83-7(c), it is at least a significant violation of "care," equally part of that rule.

Page 5 - RESPONSE TO APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22046918v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

b.  Through local counsel, Mr. Carreon provides this Court with a five-page "Motion to Require Payment of Defense Costs of Previously Dismissed Action and for Stay of Action Pending Payment Thereof [FRCP 41(d)]," and Memorandum (notwithstanding LR 7-1(c)) in which there is not a single mention to this Court that a virtually identical motion is *already* pending before the United States District Court, Southern District of New York, in *Penguin Group (USA) Inc. v. American Buddha*, Case No. 1:09-cv-00528-RA.  With all due respect, that information must have been disclosed to this Court in that Motion and Memorandum for the fair and efficient administration of justice.

c.  Mr. Carreon's Application for Special Admission certifies, pursuant to 28 U.S.C. § 1746(2), that he served that Application on counsel Duane Bosworth, Davis Wright Tremaine, LLP, 1300 S.W. 5th Ave., Suite 2400, Portland, OR 97201 "by enclosing the same in an envelope so addressed, and depositing it, on the said date [May 10, 2013] in a U.S. Postal Service mail receptacle …."  Despite this representation to this Court, counsel has never received any such application in the mails.  Standing alone this is hardly dispositive but with other actions this is a matter bearing on future conduct and efficient justice.

d.  Last month the United States District Court for the Northern District of California issued an order granting attorney fees in the amount of $46,100.25 in *Recouvreur v. Carreon*, No. 3:12-cv-03435-RS, Ex. 4.  Mr. Carreon was the self-represented defendant.  That court held that "defendant's actions throughout the litigation certainly transformed this case into an exceptional matter deserving an award of attorney fees.  The Ninth Circuit has stated that 'bad faith or other malicious conduct satisfies the exceptional circumstances requirement.'  Evidence supports a finding of malicious conduct during the course of this case."  *Id*. at pp. 7-8 (citation omitted).  While consideration of Mr. Carreon's present Application is a matter of discretion for this Court, the Northern District order raises a question about performing in accord with the fair and efficient administration of justice.

Page 6 - RESPONSE TO APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22046918v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

    e. In the matter of *American Buddha v. City of Ashland* in this Court, Case No. 1:06-cv-03054-PA, Mr. Carreon, representing plaintiff, took inactive status in the Oregon State Bar between five and six months into this Court's litigation.  LR 83-2 states in pertinent part that "continuing membership in the bar of this Court is limited to attorneys … who are active members in … the Oregon State Bar."  The matter continued for months thereafter and although it could be otherwise, the record does not reflect that Mr. Carreon informed the Court he no longer met the requirements of general admission.

 Respectfully submitted this 29th day of May, 2013.

          **DAVIS WRIGHT TREMAINE LLP**

          By  s/ Duane A. Bosworth
           **Duane A. Bosworth**, OSB #825077
           **Tim Cunningham**, OSB #100906
           Telephone: (503) 241-2300
           Facsimile: (503) 778-5299
           duanebosworth@dwt.com

          Attorneys for Plaintiff

Page 7 - RESPONSE TO APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22046918v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax