**DUANE A. BOSWORTH, OSB** #825077
duanebosworth@dwt.com
**TIM CUNNINGHAM, OSB** #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **PENGUIN GROUP (USA) INC.,**<br><br>                      **PLAINTIFF**,<br><br>v.<br><br>**AMERICAN BUDDHA,**<br><br>                      **DEFENDANT**. | Case No. 3:13-cv-00497<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT'S RULE 41(d) MOTION TO REQUIRE PAYMENT OF DEFENSE COSTS OF PREVIOUSLY DISMISSED ACTION AND FOR STAY OF ACTION PENDING PAYMENT THEREOF** |

      Plaintiff Penguin Group, (USA), Inc. ("Penguin") opposes defendant American Buddha's Motion to Require Payment of Defense Costs of Previously Dismissed Action and for Stay of Action Pending Payment Thereof (Dkt. # 10) and asks that it be denied.

### BACKGROUND

      Defendant American Buddha has moved for a stay of the present case, under Fed. R. Civ. P. 41(d), and a determination that plaintiff must pay to defendant costs and attorneys' fees incurred in defending a previously filed action in the United States District Court for the Southern District of New York, *Penguin Group (USA) Inc. v. American Buddha*, Case

Page 1 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

No. 09 CIV 00528 RA (hereinafter "S.D.N.Y. action"). On March 7, 2013, that court dismissed the S.D.N.Y. action for lack of personal jurisdiction. The lengthy and thorough opinion dismissing that claim is attached as Exhibit 7 to the Carreon Declaration (Dkt. 11-7), filed in support of American Buddha's motion. Penguin filed the present action on March 22, 2013.

## STANDARD OF REVIEW

A decision to award costs and stay an action pursuant to Fed. R. Civ. P. 41(d) is within the broad discretion of the district court. Fed. R. Civ. P. 41(d) (the court "may" order costs and "may" stay proceedings); *EcoQuest Intern., Inc. v. Oregon Collectables*, No. Civ. 04-3088-CO, 2005 WL 174850 at *1 (D. Or. January 24, 2005) (findings and recommendations) (citing *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996)).

## ARGUMENT

Fed. R. Civ. P. 41(d) provides that:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d) is meant to "serve as a deterrent to forum shopping and vexatious litigation." *Esquivel*, 913 F. Supp. at 1386 (citation omitted). In this District, Judge Cooney has held that "the court will only [apply Rule 41(d)] to discourage harassment, vexatious litigation, and to discourage forum shopping". *EcoQuest*, 2005 WL 174850 at *1. No case remotely suggests that Rule 41(d) applies where, as here: (1) a prior case was involuntarily dismissed;[1] (2) after the

---

[1] Despite the plain language of the Rule, describing "a plaintiff who … dismissed an action," it appears that in the Ninth Circuit, Rule 41(d) (or perhaps the court's inherent powers) can be applied even where a previous dismissal was involuntary. *See Hacopian v. United States Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983). *But see Duchardt v. Ewing*, 571 F.2d 869, 870 (5th Cir. 1978) ("The record before us discloses that the prior action was not dismissed by the plaintiff, but rather was the subject of an involuntary dismissal by the court because of defaults by both parties. Rule 41(d) is therefore inapposite.").

Page 2 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

court resolved a novel and difficult issue of personal jurisdiction; (3) the court did not reach the merits of the claims in any way; and (4) an action was subsequently filed where jurisdiction was certain, in order to reach those very merits.  In fact, the Court denied an identical motion in a matter in this District, identically involving each of these four points, and in which Charles Carreon himself represented the defendant moving for the application of Rule 41(d) and an award of costs.  *Id*.  Moreover, as defendant failed to inform this Court in its motion and memorandum, an identical motion for the precise costs and fees, sought here to the penny, is already fully briefed and pending in the United States District Court, Southern District of New York, in the S.D.N.Y. case.

        **1.**        **Rule 41(d) Does Not Apply.**

As described, Rule 41(d) serves as a deterrent to discourage harassment, vexatious litigation, and forum shopping.  Accordingly, "the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Esquivel,* 913 F. Supp. at 1388.

As further described herein, the S.D.N.Y. action was brought because, as the New York Court of Appeals and the United States Court of Appeals for the Second Circuit confirmed, the situs of plaintiff's injury was in New York and, premised in books defendant had for sale on Amazon, plaintiff believed defendant had "substantial" revenue from interstate or international commerce, sufficient to establish jurisdiction under New York's long-arm statute (which does not contain a provision like Or. R. Civ. P. 4 L, extending jurisdiction to the fullest constitutional reaches).  The present action is brought in this Court because the S.D.N.Y. action never reached the merits of plaintiff's claims and because jurisdiction exists and venue is proper in Oregon in this action against an Oregon corporation.  These facts, as further described, do not amount to vexatious litigation or forum shopping.  Rule 41(d) does not apply and an award of costs, or a stay, is not appropriate.

Page 3 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### a. The litigation is not vexatious.

As described in Judge Abrams's opinion dismissing the S.D.N.Y. claim, provided by defendant (Dkt. 11-7), the S.D.N.Y. action involved complicated, novel questions of personal jurisdiction and as a result required substantial litigation by the parties. Penguin filed in the Southern District in 2009, alleging that American Buddha's complete reproduction of its copyrighted works on various websites infringed Penguin's copyrights. Dkt. 11-7 at pp. 4-5. The merits of that very straightforward legal question have never been reached. American Buddha moved to dismiss for lack of personal jurisdiction and the motion was granted based on the premise that the "situs of the injury," for purposes of New York's long-arm statute, was Oregon and Arizona, which the district court determined were the locations of the infringing conduct. Penguin appealed to the Second Circuit, which certified a question to New York's highest state court, the New York Court of Appeals, regarding the situs of injury. *Id.* at 5. The New York Court of Appeals held that "a New York copyright owner alleging infringement sustains an in-state injury pursuant to C.P.L.R. 302(a)(3)(ii) when its printed literary work is uploaded without permission onto the Internet for public access." *Id.* (quoting *Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d 295, 304 (N.Y. 2011)).

On remand to the Southern District, American Buddha filed another motion to dismiss, focusing on a second prong of New York's long arm statute, whether American Buddha generated "substantial revenue" from interstate or international commerce. *Id.* at 5-6. Judge Koetl denied American Buddha's motion to dismiss and granted Penguin jurisdictional discovery to determine whether American Buddha generated substantial revenue from interstate or international commerce. *Id.* at 6. After jurisdictional discovery, American Buddha renewed its motion, and on March 7, 2013, the court found that American Buddha had not generated substantial revenue sufficient to confer personal jurisdiction in New York. *Id.* at 10-11, 13. Penguin filed the instant action on March 22, 2013.

Page 4 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

American Buddha attempts to establish that the S.D.N.Y. litigation was itself vexatious, claiming jurisdiction was "highly unlikely" under New York's long-arm statute because American Buddha submitted a declaration stating that "American Buddha had no New York revenue." Dkt. 10, p. 3. As confirmed, however, in the court's order, jurisdiction would have been proper in New York had American Buddha had "substantial revenue from interstate or international commerce," a different issue. Dkt. 11-7, citing C.P.L.R. § 302(a)(3)(ii). That American Buddha declared it had no *New York* revenue did not answer the jurisdictional question and did not establish that American Buddha was not amenable to jurisdiction in New York. In fact, Judge Koetl, who considered American Buddha's motion to dismiss upon remand from the Second Circuit, expressly found that Penguin's attempt to establish jurisdiction in New York was proper and that this "is *not* a case where little more exists than the plaintiff's bare assertions that jurisdiction is proper such that authorizing jurisdictional discovery would result in a fishing expedition." Dkt. 11-5 at p. 28 lines 20-23 (emphasis added). Judge Koetl made this finding *after* American Buddha submitted its declaration that it generated no revenue *in New York*. American Buddha's present position that a lack of jurisdiction in New York was obvious from the outset is disingenuous at best, and it is belied both by American Buddha's deficient declaration concerning New York, only, and more importantly, by Judge Koetl's considered finding that jurisdictional discovery was fully warranted.

In short, Penguin's appeal from the first dismissal in the S.D.N.Y. action was hardly vexatious; New York's highest state court found that the dismissal was premised in an erroneous view of the situs of the injury. Neither was jurisdictional discovery, expressly authorized by Judge Koetl, vexatious, despite the result concerning interstate revenue, not anticipated in light of Amazon listings.

Similarly, there is simply nothing vexatious about the present case, which seeks to *finally* reach the merits of the claim stated in plaintiff's complaint, that defendant infringes plaintiff's copyrights. Defendant can make no argument that plaintiff's *claim* is vexatious. Plaintiff seeks

Page 5 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

judicial resolution of that claim, including an injunction against infringement, in this Court where it must be conceded that jurisdiction over an Oregon corporation exists and venue is proper.[2]

Under these circumstances, an award of costs and a stay under Rule 41(d) is unwarranted. Confronting a virtually identical question, Judge Cooney denied a Rule 41(d) motion where: (1) prior litigation in another court was dismissed for lack of personal jurisdiction; (2) after plaintiffs presented a novel and difficult question to the United States District Court for the District of Tennessee; (3) the Tennessee court did not reach the merits; and (4) an action was subsequently filed in Oregon for the purpose of reaching the merits.

> [T]he issue of personal jurisdiction decided by the Tennessee court was novel and difficult, as evidenced by the court's opinion. (Carreon Affidavit Exhibit 1). The Tennessee court did not reach the merits of plaintiff's claims. This court finds that the circumstances of this case do not warrant an award of costs.

*EcoQuest Intern., Inc. v. Oregon Collectibles*, No. Civ. 04-3088-CO, 2005 WL 174850 at *1 (D. Or. January 24, 2005).[3] Identically here, the issues confronted by the Southern District of New York, the Second Circuit Court of Appeals, and the New York Court of Appeals presented "novel and difficult" questions of personal jurisdiction. Identically here, the S.D.N.Y. action never reached the merits of plaintiff's claims. Identically here, plaintiff brings the present matter

---

[2] Defendant would like to imply that there is something vexatious about bringing this action, against an Oregon corporation, in Oregon rather than in Arizona, although defendant must concede both that jurisdiction exists and venue is absolutely proper in Oregon. Defendant's claim does not withstand scrutiny. Mr. Carreon is, for example, precluded from appearing in Arizona courts by Arizona Supreme Court Rule 38(h). The matter now before this Court presents a very straightforward statutory, legal question: does American Buddha infringe plaintiff's copyrights. Plaintiff does not anticipate discovery or the involvement of Mr. Carreon's wife in deciding the statutory question that will be before the Court.

[3] American Buddha has not mentioned this matter, or attempted to distinguish it, even though attorney Charles Carreon represented the unsuccessful 41(d) movant. Bosworth Decl. Ex. 1. The findings and recommendations of Judge Cooney were adopted in an unpublished order by Judge Hogan. Bosworth Decl. Ex. 2.

Page 6 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

in order to reach those very claims.  As Judge Cooney held, "the circumstances of this case do not warrant an award of costs."  *Id*.

American Buddha's citations are not to the contrary.  American Buddha relies on *Esquivel*, which it argues is "virtually parallel to the instant litigation."  Dkt. 10 at 4.  In *Esquivel*, however, the plaintiff initially filed concurrent actions in both New York state court and in the Southern District of New York and then, after the parties stipulated to a stay of the state court action and *after* defendant had filed a motion to dismiss the federal action, plaintiff filed a second federal suit in the Central District of California.  913 F. Supp. at 1385-86.  Only after this second federal suit was filed, and after defendant had already appeared in New York, did plaintiff dismiss the New York suit.  *Id.* Moreover, the court found that filing the New York suit was "questionable, to say the least" because neither party was a citizen or resident of New York and no allegations in the complaint concerned New York.  *Id.* at 1387.

This does not resemble the present situation.  Here, in contrast, the filing in New York was predicated on the facts that Penguin is a New York entity and that Penguin suffered an injury in New York, as found by the New York Court of Appeals.  *Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d 295, 301-302, 307 (2011) (holding that for purposes of New York's long arm statute, copyright infringement causes injury at the situs of the copyright holder).  Penguin litigated the jurisdictional question and did not file the present case until its S.D.N.Y. case had been involuntarily dismissed.  A federal judge expressly granted jurisdictional discovery.  These facts bear no resemblance to the conduct of plaintiff in *Esquivel*.  *Cf. Bran v. Sun Pacific Farming Cooperative*, No. CV F 06-0871-LJO-TAG, 2007 WL 781865 at *5 & n.6 (E.D. Cal. 2007) ("*Esquivel* exemplifies a situation contemplated and applicable under Rule 41(d)—a plaintiff simultaneously files suit in two separate courts, without any ties to one forum, coupled with other evidence that plaintiff was forum shopping.  In such a situation, the application of the rule makes sense. … Simply re-filing the same claim in a separate court, without more, does not rise to the level of vexatious litigation.").

Page 7 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

        **b.**        **Penguin is not "forum shopping."**

American Buddha also asserts that Penguin is "forum shopping." Federal courts' concern with "forum shopping" is traced to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74-78 (1938), which held that differing enforcement of state law in federal and state court had reached a problem of constitutional magnitude. *Hanna v. Plumer*, 380 U.S. 460, 467 (1965); *see also Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1005, 1007 (9th Cir. 2012) (noting "classic pre-*Erie* problems of forum shopping and inconsistent enforcement of state law" and citing *Erie* for the proposition that differing interpretation of state law in state and federal courts leads to forum shopping). The concern in *Erie* was that the use of federal common law had "made rights enjoyed under the unwritten 'general law' vary according to whether enforcement was sought in the state or in the federal court; and the privilege of selecting the court in which the right should be determined was conferred upon the noncitizen." *Erie*, 304 U.S. at 74-75.

"Forum shopping" refers to a plaintiff selecting a new forum, hoping for a different application of law. Its intersection with Rule 41(d) is explained as follows:

> Rule 41(d) is meant not only to prevent vexatious litigation, but also to prevent forum shopping, 'especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else.' Hence, Rule 41(d) is also intended to prevent attempts to 'gain any tactical advantage by dismissing and refiling th[e] suit.

*Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (citations omitted) (alteration in original); *see also Powers v. Chase Bankcard Servs., Inc.*, No. 2:10-CV-332 (S.D. Ohio Dec. 1, 2010) (available in Dkt. 11-10) ("Plaintiffs concede that the filing of this action after their voluntary dismissal of the state court action reflects their effort to obtain a tactical advantage not available in the forum originally selected by them.").

Plaintiff is not here "forum shopping." Plaintiff does not hope for a different application of the law or seek to gain a tactical advantage. It is conceded here that jurisdiction exists and that venue is proper in Oregon regarding this Oregon corporation. Plaintiff seeks only to reach the merits of the straightforward statutory question presented in its complaint. Plaintiff is not

Page 8 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

<h1>
</h1>

hoping for a different application of law, only a reaching of the merits, at least as soon as possible after defendant's initial motion to extend time, defendant's 41(d) motion, and defendant's second motion for extension of time, to date. Defendant can make no showing that plaintiff hopes for a different application of federal law in federal court in Oregon.

### 2. An award of costs and fees is inappropriate here where a motion is currently pending before the Southern District of New York.

Under principles of comity, this Court should refrain from ruling on American Buddha's motion because an identical motion for costs is currently pending in the Southern District of New York. Carreon Decl. ¶ 16; *United Pacific Ins. Co. v. First Nat'l Bank of Oregon*, 222 F. Supp. 243, 252 (D. Or. 1963) (declining to consider particular issue pending in separate, previously filed proceeding). In fact, American Buddha's request in the Southern District of New York is *identical*, to the penny. Bosworth Decl. Ex. 3. Defendant's theme is that plaintiff's conduct in the S.D.N.Y. action was blameworthy. With all due respect, that is a matter best suited for the S.D.N.Y. court. The issue is fully briefed and pending in the Southern District. Plaintiff respectfully suggests this is an additional reason to deny defendant's Rule 41(d) motion.

### CONCLUSION

Plaintiff respectfully requests that the Court deny defendant's Rule 41(d) motion.

DATED this 3rd day of June, 2013.

**DAVIS WRIGHT TREMAINE** LLP

By  s/ Duane A. Bosworth
**Duane A. Bosworth**, OSB #825077
**Tim Cunningham**, OSB #100906
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
duanebosworth@dwt.com

Attorneys for Plaintiff

Page 9 - MEMO IN SUPPORT OF OPPOSITION TO RULE 41(d) MOTION

DWT 22059637v2 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax