**Derek C. Johnson, OSB #88234**
djohnson@jjlslaw.com
Johnson Johnson Larson & Schaller
975 Oak Street, Suite 1050
Eugene, OR 97401
Phone: (541) 484-2434
Fax: (541) 484-0882

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| PENGUIN GROUP (USA), INC., | Case No.: 3:13-CV-00497 HU |
| Plaintiff, | DECLARATION OF TARA LYN CARREON IN SUPPORT OF MOTION TO TRANSFER ACTION TO DISTRICT OF ARIZONA |
| v. | |
| AMERICAN BUDDHA, | |
| Defendant. | |

## DECLARATION OF TARA LYN CARREON

Tara Lyn Carreon hereby declares:

**1.** I was born in Mesa, Arizona in January, 1955. I met my husband Charles Carreon there at Arizona State University in our freshman year. We moved to Ashland, Oregon in 1978, and I graduated from Southern Oregon State College in 1983. Charles and I moved to Los Angeles so he could attend UCLA Law School in 1983. We moved to Oregon a second time in 1994, and Charles took his job at the Jackson County District Attorney's Office. With the exception of a few months when I worked in California, I lived in Oregon until February 2007, when my son Joshua was killed in an accident on I-5 in Dunsmuir, California. We then sold our Ashland home and moved to Tucson, Arizona, returning to our family roots. I've only been

back to Oregon once, in 2009, to attend a wedding in Portland, Oregon and pick up a last load of possessions left behind in Ashland in 2007.

**2.** I am American Buddha's sole director. I incorporated the company on June 8, 2000 in Oregon, because that's where I was living at the time.

**3.** I am now a resident of Arizona, and all of the documents that would be produced in defense of the action and in response to Plaintiff's anticipated discovery are here in my Tucson office. If this action were held in Arizona, I would be the first of several Arizona witnesses to would take the stand on behalf of American Buddha. One of the first things I would testify[1] is that American Buddha. American Buddha operates a physical library in Tucson, Oregon, and has issued library cards to fifty-two (52) members who each and every one came to the library premises, signed their application, and were issued their own Library Card. Several have checked out physical books from the library.

**4.** I would call many of these library members as witnesses to testify that the library is a physical library that they have utilized like any other library.

**5.** American Buddha library is entirely a charitable activity powered by my own dedicated efforts to provide resources to scholars and students. Recently I received my first response to a request for a Volunteer Library Assistant ("VLA"), and the applicant was from Nigeria. He submitted a signed, written application, and I am currently authenticating his *bona fides* before taking him on as a VLA. Of course, no VLAs will receive any remuneration for their work, as is acknowledged in the application procedure.

**6.** It would impose serious hardship on American Buddha to defend this action in Oregon, because American Buddha generates absolutely no revenue from any of its activities. Just to explain briefly, I mentioned that I haven't been back to Oregon since 2007. The reason for that is not because I would not like to visit, but rather because it is so costly, I can't afford to. Indeed, the one-week trip to Portland in 2009 set me back financially so severely that my

---

[1] In rebuttal of the implication to be drawn from the allegations of paragraph 27 in plaintiff's complaint, that American Buddha operates a "virtual only" library.

budget was straitened for about six months thereafter. Defending this action in the District of Arizona would be far more sustainable.

7. This case is about an issue of great importance – whether the immunity from copyright liability accorded to libraries protects a small community library with a virtual archive. A decision adverse to American Buddha would shape the law, as there is no law on this topic. Under such circumstances, a vigorous, well-presented defense, such as American Buddha would be able to present in the Arizona venue, will serve the public interest.

8. Accordingly, I respectfully request the Court to transfer this action to the District of Arizona.

I declare and affirm, pursuant to 28 U.S.C. § 1746(2), that the foregoing is true and correct under the law of the United States of America, and that this declaration was signed on June 12, 2013, at Tucson, Arizona.

_____
Tara Lyn Carreon, Declarant