**DUANE A. BOSWORTH, OSB** #825077
duanebosworth@dwt.com
**TIM CUNNINGHAM, OSB** #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

      Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **PENGUIN GROUP (USA) INC.,** <br><br>     **PLAINTIFF**, <br><br> v. <br><br> **AMERICAN BUDDHA,** <br><br>     **DEFENDANT**. | Case No. 3:13-cv-00497-HU <br><br> **MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER** |

    Plaintiff Penguin Group (USA) Inc. opposes defendant American Buddha's new motion to transfer venue and asks that it be denied.

## INTRODUCTION

    In its new Motion and Memorandum, defendant moves this Court, pursuant to Fed. R. Civ. P. 12(b)(3), "for an order dismissing [this] action on the grounds that venue is improper." Defendant Motion, p. 1.  Venue is unquestionably proper, however, pursuant to both 28 U.S.C. § 1391, regarding venue generally, and to 28 U.S.C. § 1400, regarding venue in copyright

Page 1 - MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

actions.  As becomes clear, defendant is not making a Rule 12 motion.  In fact, defendant has yet to make any Rule 12 motion or to answer the Complaint.

Defendant's instant, fifth motion in this matter contends that the matter must be transferred to Arizona for the convenience of defendant's witnesses.  Case law makes clear that such a claim requires factual and legal scrutiny.  Defendant claims the need for numerous Arizona witnesses.  Defendant misperceives the issues, however, which do not require any witness testimony, let alone *live* testimony, as plaintiff will describe herein.

Moreover, in urging this transfer, defendant has failed to disclose to this Court existing Oregon connections to this matter, including but not limited to a federal judge's finding in the Southern District of New York that infringing conduct occurred in Oregon.  Further, the granting of defendant's motion would create yet *another* delay in reaching the straightforward legal merits of the sole issue of infringement in this case.  Plaintiff respectfully submits that a particularized determination of all relevant facts will demonstrate that defendant has not met its significant burden of establishing grounds for a transfer of venue.

## ARGUMENT

Defendant is an Oregon corporation.  Venue is proper in this district under 28 U.S.C. § 1391(c)(2); the defendant corporation is a *resident* of Oregon.  Moreover, venue is proper under the more specific 28 U.S.C. § 1400, the copyright venue statute, which in the interest of enforcing federal copyright laws more broadly provides that venue is in fact proper in any district in which either the defendant "or his agent" resides or "may be found."  Despite defendant's motion for "dismissal," venue is not improper here and defendant's actual contention is that it will be more convenient for defendant's witnesses if the litigation is moved to Arizona.  Plaintiff will set out the standard for consideration of defendant's argument and will provide information defendant has not disclosed.

DWT 22164598v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**A.      Standard:**

Consideration of a motion to transfer under 28 U.S.C. § 1404(a) is a matter for the sound

discretion of the district court, *L.L. Smith Trucking Co., Inc. v Hughes Bros. Aircrafters, Inc.*,

No. CV-00-1183-HV, 2001 WL 267694 at *9 (D. Or. March 8, 2001), and requires a

particularized determination of all of the facts and circumstances of the matter in question. *Van

Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L. Ed. 2d 945 (1964).  The burden is

on defendant to establish that there must be a change of venue.  *DRW-LLC v. Golden Harvest

Holdings, Inc.*, No. 3:12-CV-01009-BR, 2013 WL 1296075 at *7 (D. Or. March 28, 2013).  In

considering a motion seeking change of venue:

> [t]he Ninth Circuit has indicated that the following specific factors
> should be evaluated by the court:  (1) plaintiff's choice of forum;
> (2) is the forum state familiar with the governing law?; (3) the
> contacts relating to plaintiff's cause of action in the forum; (4) the
> ease of access to sources of proof and the availability of
> compulsory process to compel attendance of unwilling non-party
> witnesses, and (5) the differences in the cost of litigating in the two
> forums.

*Krauss Craft, Inc. v. Ross Recreational Equip. Co.*, Civ. No. 08-3062-CL, 2009 WL 367521 at

*7 (D. Or. Feb. 12, 2009) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.

2000)).  The balance of convenience must fall strongly in favor of the moving party, *Gulf Oil

Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), and "the defendant must make a strong showing of

inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v.

Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  If in fact there is a genuine issue

regarding the convenience of witnesses—which plaintiff will demonstrate is *not* the case here, in

any event—that convenience does not stand alone but must be weighed against all other factors;

inconvenience to defendant's witnesses alone is not sufficient to meet the substantial burden of

demonstrating a need to transfer, which effectively vetoes plaintiff's choice of forum.  In *L.L.

Smith Trucking Co.* this Court found:

> Aside from the fact that there are some relevant witnesses in
> Texas, the other factors are largely neutral.  As stated earlier, given
> the availability of telephone or videotaped depositions, and trial

Page 3 - MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

> testimony by videoconference, the fact that relevant witnesses reside in Texas is not of great import.  Accordingly, I conclude that defendant fails to make a strong showing of inconvenience which warrants upsetting plaintiff's choice of forum.

2001 WL 267694 at *10.

**B.    Defendant has not made a sufficient showing that transfer is required.**

The application of the Ninth Circuit factors, as described herein, demonstrates that defendant fails to make a showing sufficient to displace the choice of this forum.  Plaintiff will address each of the five factors set out by the Ninth Circuit.

At the outset, however, plaintiff disagrees that defendant's discussion of professors Clermont's and Eisenberg's work, Kevin M. Clermont & Theodore Eisenberg, "Exorcising the Evil of Forum-Shopping" (1995), *Cornell Law Faculty Publications,* Paper 245, available at: http://scholarship.law.cornell.edu/facpub/245, helps to decide defendant's motion.  Def.'s Motion to Transfer at 3-4.  That is no disparagement of the work, which concerns "the Evil of Forum-Shopping," or of its conclusion but rather of the use to which defendant would put it.  The work stands for the not surprising proposition that where a case *should be transferred*, results are more often favorable to defendant if transfer is granted.  This makes sense—where a plaintiff is actually forum shopping, unlike the present case—"the most powerful explanation for the transfer effect involves forum-shopping," as defendant quotes—and where the "balance of inconvenience is really lopsided" against a defendant, as defendant itself cites, a defendant may be on better grounds because of "a variety of changed circumstances, such as a possibly less favorable set of local biases in the new forum," *id.* at 1515, as cited by defendant.  Plaintiff does not seek local biases in its favor.  (Plaintiff does recognize, perhaps to the contrary, that Oregon does have interests in the conduct of Oregon corporations.)  As described in the cited work, "the judge decides to transfer only in rather extreme cases of forum-shopping, normally deferring to the presumption in favor of the selected forum."  *Id.* at 1516.  In short, courts order transfer when transfer is *decidedly* warranted; "the balance must tilt decidedly toward transfer in order to

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

overcome the presumption in favor of plaintiff's choice of forum." *Id*. Under *these* circumstances, defendants prevail more with transfer.

With all due respect, that conclusion does not assist in determining here whether the "balance … is really lopsided" or whether the balance "tilt[s] decidedly toward transfer in order to overcome the presumption in favor of the plaintiff's choice of forum." The cited work states that where there is decided, *"lopsided" evidence* that a case *should* be transferred, defendant is assisted by that transfer. That begs the very question here, however, and does not contribute to the particularized determination of whether, considering all circumstances, defendant meets its burden of establishing that this case must be transferred.

Plaintiff will now address the Ninth Circuit's five factors.

**1.    "Plaintiff's choice of forum" is entitled to significant weight.**

The first factor is plaintiff's choice of forum. As this Court has said, "the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," *L.L. Smith*, 2001 WL 267694 at *9 (quoting *Decker Coal*, 805 F.2d at 843). "Traditionally courts have recognized a 'strong presumption' in favor of a plaintiff's choice of forum." *DRW-LLC*, 2013 WL at *7 (citation omitted). The question is whether defendant has adduced evidence that outweighs this strong presumption.

Of course, the plaintiff's choice of forum may be given less weight if plaintiff has selected a forum with no obvious connection to the case, but that is *not* the situation here. *Cf. Nike, Inc. v. Lombardi*, 732 F. Supp. 2d 1146, 1158-59 (D. Or. 2010) (declining to give less weight to plaintiff's choice of forum and rejecting claim of "weak connection" between the action and Oregon). As described in greater detail below, defendant itself provided evidence to the federal court for the Southern District of New York about events occurring in Oregon regarding the very infringement in question. As a result the federal court found that "infringing conduct" occurred in Oregon. The evidence supporting that conclusion is found in a declaration provided from Troutdale, Oregon. Moreover, defendant itself has long included a forum

Page 5 - MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

selection clause in its "Online User and Anti-Piracy Agreement," to be entered into by defendant's users, designating *federal court in Oregon* as the sole venue for any disputes, as described herein.  And, of course, defendant itself is an Oregon corporation, operating — including its infringing conduct—under its corporate status granted by Oregon to shield from liability the individuals directing that infringement.  It is far from the case that this forum has "no obvious connection" to this matter and one federal court has already pointed out that connection. The strong presumption in favor of the choice of this forum remains undiminished and must be overcome by a "strong showing" of the necessity for transfer.

2.    **"Is the forum state familiar with the governing law?"**

Because the governing law is federal, the answer to the Ninth Circuit's second question is yes.  It is *not* a factor in favor of defendant's motion that another forum would be more familiar with the governing law.

A different but somewhat related concept is that those in this forum have an interest in the conduct of a corporation granted its existence by Oregon.  As this Court has said, "Oregon citizens retain some interest in matters involving Oregon businesses."  *L.L. Smith Trucking Co.*, 2001 WL at *10.

3.    **"The contacts relating to plaintiff's cause of action in the forum."**

Defendant has repeatedly told this Court that "Oregon has virtually no connection to this copyright lawsuit", Defendant's June 12, 2013 Motion, p. 1; that "all of the events related to the claims and defenses in this case arise out of defendant's activities in Tucson, Arizona", Defendant's June 17, 2013 Motion, p. 5; that "Defendant's activities that allegedly give rise to this complaint lack a significant connection to the jurisdiction where Plaintiff has chosen to initiate an action", *id*. at 6; that "the just and accurate determination of the matters at issue in this action can only be achieved in the District of Arizona," *id*.; and that, *grossly* misstating the content of the parties' telephonic conferral regarding this motion, "Penguin's actual answer to the question 'What does this case have to do with Oregon?' is 'nothing,'" *id*. at 7.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

With all due respect, these assertions are not correct.  Defendant has not described to this Court the evidence it provided to the Southern District of New York, which resulted in a finding that the infringing conduct in question occurred in Oregon, along with Arizona.  Nor has it described its user agreement, with its consent to the District of Oregon provision.  It is far from the case that this matter "has no obvious connection" to Oregon.

### a.    Infringing conduct occurred in Oregon.

Defendant's repeated assertions that the infringement in question – in which defendant uploads plaintiff's copyrighted work, *in toto*, onto the Internet for public access, without permission – has nothing to do with Oregon, are squarely inconsistent with defendant's representations to the federal court in the Southern District of New York.  In New York, defendant submitted a declaration from Jacob Hammond, in Troutdale, Oregon, that the infringing content in question is hosted on servers located in Portland, Oregon, as well as in Tucson.  That declaration is attached as Exhibit 1 to the Declaration of Timothy Cunningham.  Mr. Hammond, of Troutdale, states in paragraph 5, that "[t]he media content on the website [naderlibrary.com] is hosted on servers located in Tucson, Arizona and Portland, Oregon."  The New York federal court concluded that defendant's "website, www.naderlibrary.com--… is hosted on servers in Arizona *and Oregon*."  *Penguin Group (USA) Inc. v. American Buddha*, No. 09 Civ. 528, 2009 WL 1069158 at *1 (Judge Lynch, S.D.N.Y. April 21, 2009) (emphasis added), available at Carreon Declaration ISO Motion for Costs Exhibit 3, Dkt. 11-3 at p. 4.  Again, the court relied on a declaration submitted *by defendant* for that proposition.  In the January 24, 2012 hearing, Judge Koeltl stated that it is "undisputed" that "these websites are hosted on servers in Arizona and Oregon."  Dkt. 11-5, transcript of hearing before Judge Koeltl at 22.

Defendant's evidence submitted in New York establishes that the very content plaintiff alleges is infringing was hosted on servers in Portland, Oregon, along with Tucson.  Indeed, as Judge Abrams summarized in her opinion this March, Judge Lynch of the Southern District had earlier found that "the location of the infringing conduct" was Oregon, along with Arizona.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Penguin Group (USA) v. American Buddha*, No. 09 Civ. 528 (RA), 2013 WL 865486 at *2

(S.D.N.Y. March 7, 2013) (citing *Penguin Group (USA) v. American Buddha*, No. 09 Civ. 528

(GEL), 2009 WL 1069158 at *2-*3 (S.D.N.Y. April 21, 2009)).

      Because defendant has previously represented that conduct that is alleged to be infringing

occurred *in Oregon*, as well as Arizona, defendant should be judicially estopped from asserting

otherwise.  Courts "invoke judicial estoppel not only to prevent a party from gaining an

advantage by taking inconsistent positions, but also because of 'general consideration[s] of the

orderly administration of justice and regard for the dignity of judicial proceedings,' and to

'protect against a litigant playing fast and loose with the courts.'"  *Hamilton v. State Farm Fire*

*& Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citation omitted).  Here, all the factors for the

application of judicial estoppel are met:  (1) defendant's position in this court—that no activity

connected to the underlying issues occurred in Oregon—is inconsistent with its prior position

that its webservers which host the material in question are located in part in Oregon; (2) the

courts in the New York action accepted the previous position and found that alleged infringing

conduct occurred in Oregon; and (3) defendant will obtain an unfair advantage if not estopped.

*See id.* at 782-83.

      After the application of judicial estoppel, it is clear that events underlying this litigation

occurred *in Oregon*, making Oregon an appropriate forum for the resolution of this complaint.

*Decker Coal*, 805 F.2d at 843.

         **b.**    **Defendant has required users who access the copyrighted works at issue in this case to consent to the jurisdiction of this court.**

      "Inconvenience" is assessed by looking at all facts and circumstances in a matter.

Defendant's claim that litigation in the District of Oregon is inconvenient is belied by

defendant's own agreements with its users, which require users to consent to litigation *in the*

*District of Oregon.*  Cunningham Decl. Exs. 2-4 (Am. Buddha and Nader Library Agreements).

Both of the infringing websites, American-buddha.com and naderlibrary.com, contain "click-

Page 8 - MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

DWT 22164598v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

through" user agreements that require users to consent to jurisdiction in the District of Oregon before accessing *The Golden Ass*, one of the very works at issue in this case. Cunningham Decl., Exs. 2-3. The user is told

> "You have requested a creative work archived by the American Online Library ('ABOL') that may be accessed only by ABOL members. * * * Please read the following material, which is not at all boring, and if you agree with the Online Library User and Anti-Piracy Agreement, please click "I AGREE." You will then receive access to the creative work you requested."

*Id*. The user is asked to click "I agree" with regard, in part, to the statement that "I consent to the jurisdiction of the U.S. District Court for the District of Oregon for the resolution of any disputes concerning my use of the creative work." *Id*. After clicking "I agree," users are then brought to the page containing the introduction and acknowledgements of the work. Users are then free to explore the (infringed) work.

Similarly, the website American-buddha.com contains a page requiring users to consent to jurisdiction in the District of Oregon prior to viewing *On the Nature of the Universe*, another work directly at issue in this case. Again, a user is acknowledged as having requested *On the Nature of the* Universe, "a creative work archived by the American Buddha Online Library ('ABOL')." The user is told that if she or he agrees with the terms presented, including consent to jurisdiction in the District of Oregon for the resolution of any disputes concerning use of *On the Nature of the* Universe, Penguin's copyrighted work, the user "will then receive access to the creative work you requested," namely Penguin's copyrighted work. Cunningham Decl. Ex. 4.

In fact, a search of both websites for the term "District of Oregon" in quotation marks reveals that the "District of Oregon" appears 221 times on American-buddha.com, and 135 times on naderlibary.com. Cunningham Decl. Ex. 5. The clause requiring consent to jurisdiction in Oregon appears before dozens of works, including *The Golden Ass; On the Nature of the*

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Universe*; *The Diary of Frida Kahlo*; *Thus Spake Zarathustra*; *The Unfettered Mind*; *Lies, Inc.*; *George Bush: The Unauthorized Biography*; *A Room of One's Own*, and many others.[1]

Having included in its user agreement that users must consent to jurisdiction in Oregon to view works directly at issue in this case, defendant cannot argue that it has no connection to this forum relating to the events underlying this case.

> **c.     The totality of facts regarding this matter's connections to Oregon weighs against transfer.**

The facts regarding the Ninth Circuit's third factor, contacts with this forum, weigh against transfer. It bears repeating that defendant is an Oregon corporation, even as defendant argues that its "corporate headquarters" is inside the Carreons' 2,019-square-foot, single family residence in Tucson. Oregon granted defendant its corporate status, which may allow individuals involved in the infringements in question to be shielded from liability. Defendant frequently points out its Oregon connections. In the "online copyright notice" posted on both American-buddha.com and naderlibrary.com, defendant identifies the websites as the property of an "Oregon nonprofit corporation." Cunningham Decl. Exs. 6-7. The operative facts of this claim are the posting of works *on those websites*, and the websites nowhere identify American Buddha with the State of Arizona.

In short, defendant's assertions that Oregon has no connection to this matter is not correct. Infringing conduct occurred in Oregon, as found by the court in the Southern District of New York and reiterated there in January, 2012, and in March, 2013. Users who select

---

[1] Defendant may argue that if some users access the works in question directly from the homepage of *one* website, naderlibrary.com, they would not then be presented with the agreement requiring consent to jurisdiction in the District of Oregon. Similarly, defendant may argue that *some* users *may* be able to wend their way around the user agreement requiring consent to jurisdiction in Oregon, either accidentally or intentionally with practice, depending on which link the user selects. In any event, defendant cannot deny that the consent to jurisdiction requirement occurs dozens of times on the websites at issue in this matter, including in conjunction with the infringed work in question, and that defendant has many users who have been required to and have consented to jurisdiction in Oregon.

Page 10 - MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

plaintiff's copyrighted works at issue here are directed to a click-through agreement requiring consent to jurisdiction in the District of Oregon. Defendant is an Oregon corporation and its infringing websites are consistently described as the property of an "Oregon nonprofit corporation." Defendant's failure to meet its burden of showing "weak" or no connection to Oregon and the strong presumption in favor of the chosen forum indicate defendant's motion should be denied.

      **4.**    **"The ease of access to sources of proof and the availability of compulsory process to compel attendance of unwilling non-party witnesses."**

Defendant directs the majority of its argument to the inconvenience that would be posed regarding its witnesses, who cannot afford to travel to Oregon. According to defendant, it has 52 members who will be willing to testify regarding their library membership and their patronage of a physical location. Four of these potential witnesses aver that they will be unable to attend a trial in Oregon.[2] This is insufficient in all events to outweigh plaintiff's choice of forum and the Oregon connections to this matter because the identified testimony of the witnesses is not material to the actual issues in this lawsuit.

A witness's amenability to compulsory process or the convenience of the forum to a potential witness is relevant only where that witness's testimony is *material*. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010); *see also* 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.13[1][f][v] (3d Ed. 2010) ("The materiality of the prospective witnesses [sic] testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be waived.")

Defendant misperceives that its status as a "brick and mortar" library is material to the case and unfortunately, mistaken wording in paragraph 27 of plaintiff's complaint contributed to

---

[2] As the Ninth Circuit has described it, the court's concern when evaluating this factor is the amenability to process of *non-party* witnesses. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). Ms. Carreon is a party witness, the sole director of an Oregon corporation.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

that. Whether or not defendant's library is "virtual-only," as plaintiff unfortunately pled and as defendant wants witnesses to disprove, is not in fact relevant to this case. Infringement here does not arise because of the nature of the library, but rather because *no* library may make available to the public copyrighted works in digital format outside its physical premises, however colossal or small it might be. Defendant repeatedly states that this matter is about "whether the immunity from copyright liability accorded to libraries protects a small community library with a virtual archive." This is absolutely wrong. *No* library, of any size or composition, may legally engage in the acts of distribution engaged in by defendant. *No* library may make copyrighted works available in digital form to the public on the internet. Defendant's premise is wrong and without support in statute or case law, as plaintiff will establish as soon as the merits can be reached in this matter.

Plaintiff has conferred with defendant's counsel regarding a motion to amend paragraph 27 of the complaint to state *in toto* that "American Buddha's reproduction and distribution of the Works is not exempted from liability by Section 108 of the Copyright Act, 17 U.S.C. § 108." At time of this filing, plaintiff awaits a response. Plaintiff has explained to counsel that "virtual-only" is a red herring, not part of the issue here and mistakenly inserted into plaintiff's complaint. The testimony defendant's non-party witnesses have offered is not material.

Even if the proposed testimony was material, and it is not, there is nothing that prevents defendant from providing testimony by declaration in summary judgment, or from deposing witnesses and introducing deposition testimony. Fed. R. Civ. P. 32(a)(4); Fed. R. Evid. 804(a)(5); Fed. R. Evid. 804(b). When considering whether to transfer, courts have recognized that "[t]here is no reason why the testimony of witnesses could not be presented by deposition." *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991); *McEvily v. Sunbeam-Oster Co.*, 878 F. Supp. 337, 348 (D.R.I. 1994) ("[V]ideotaped depositions can make demeanor evidence available to a jury even when witnesses are not physically present at trial.").

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

In addition to the "virtual-only" issue, which is a red herring not actually relevant to the issue here, defendant has also argued that it needs to present witnesses regarding *statutory* damages.  First, plaintiff has not chosen between actual damages or statutory damages, as is its well-established right at this juncture, and defendant's argument is in all events speculative.  17 U.S.C. § 504(c) ("[T]he copyright owner may elect, at any time before final judgment is rendered ….")  Second, defendant presents no information that non-party witnesses would be necessary in any event.  Third, defendant is not correct about the need for live witnesses before a jury.  *Microsoft Corp. v. Image & Bus. Solutions, Inc.*, No. CV 6807 ABC (RCX), 2007 U.S. Dist. LEXIS 76519 at *22 (C.D. Cal. May 4, 2007) damages on summary judgment); *see also BMG Music v. Gonzalez*, 430 F.3d 888, 892-93 (7th Cir. 2005).  Fourth, even *if* some witness were to be presented, this Court has noted "the availability of telephone or videotaped deposition, and trial testimony by videoconference." *L.L. Smith Trucking Co.*, 2001 WL at *10.  Defendant's argument does not "warrant upsetting plaintiff's choice of forum." *Id*.

Finally, defendant offers the conclusory statement that "its documents pertaining to its activities are all in Arizona."  Motion at 5.  Defendant does not identify what these documents may be, and in any event, the physical location of documents is not sufficient to warrant transfer because "the Federal Rules of Civil Procedure and technology advances will allow the parties to efficiently litigate this case in Oregon." *Krauss Craft*, 2009 WL at *8.

## 5.    The differences in the cost of litigating in the two forums.

An examination of defendant's Memorandum and declarations shows that defendant is not arguing about incurring increased costs, per se, but rather that its witnesses cannot afford to travel to Oregon to provide live testimony.  As Mrs. Carreon declares, therefore, "Defending this action in the District of Arizona would be far more sustainable."  Carreon Declaration, p. 3.  As discussed above, however, defendant misperceives the need for any witness testimony in any event and certainly misperceives the need for *live* testimony that would require travel to Oregon.  Claims related to witnesses' costs, which defendant says they would incur, are not well-founded

Page 13 - MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

because the testimony described is not needed or relevant, and even if it were in some limited

fashion, it can be handled without witness travel.

Plaintiff briefly states that its costs will increase if this matter is transferred.  Plaintiff has

an established relationship with the firm Davis Wright Tremaine and Davis counsel in Portland

are already prepared to argue the merits of the sole question before the court:  whether defendant

has a defense under 28 U.S.C. § 108.  Costs would be incurred in involving new counsel in

another jurisdiction, potentially for both parties.

## C.    Under these circumstances, transfer is not warranted.

Here, given the deference to plaintiff's selection of the forum and the matter's

connections with the forum, defendant has not made a strong enough showing to warrant

transfer.  For example, in *Krauss Craft*, the court held the plaintiff's choice of forum, combined

with the parties' connection to Oregon and the fact that "the cause of action *at least in part arises*

*out of these Oregon activities*," made transfer inappropriate despite the fact that defendant was a

California corporation.  2009 WL at *8.  Similarly, in *DRW-LLC*, the Oregon court retained the

matter despite the defendant's argument that a majority of witnesses were in California.  2013

WL at *8.  The court noted that a change of venue was not warranted, "particularly in light of the

deference owed to [plaintiff's] choice of forum," and emphasized that "the collection of evidence

can be managed in a way that is not prejudicial to any party."  *Id.*

Finally, when considering the "interests of justice," plaintiff asks the Court to consider

that this action has effectively been pending since 2009.  Plaintiff seeks to reach the merits.  In

multiple motions defendant has not touched upon the merits.  Transfer to Arizona would result in

delay.  Both parties would need counsel.  The interests of justice are best served by retaining the

matter in the District of Oregon.  *Cf. McCloskey v. United Parcel Serv. General Servs. Co.*, Civ.

No. 95-420-FR, 1996 WL 19401 at *2 (D. Or. Jan 12, 1996) (discussing delay and

inconvenience involved in new counsel upon transfer); *see also Commodity Futures Trading*

*Comm'n v. Savage*, 611 F.2d 270, 278-79 (9th Cir. 1980) (affirming a denial of transfer where

Page 14 - MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

"[plaintiff's] choice of forum must be given some weight.  The district court was familiar with the case and transfer may have led to delay.").  Delay is hardly dispositive of this motion, but it is relevant in considering all facts related to this matter.

### CONCLUSION

For the reasons above, plaintiff asks that defendant's motion for transfer of venue be denied.

DATED this 5th day of July, 2013.

**DAVIS WRIGHT TREMAINE** LLP


By  s/ Duane A. Bosworth
    **Duane A. Bosworth**, OSB #825077
    **Tim Cunningham**, OSB #100906
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299
    duanebosworth@dwt.com

    Attorneys for Plaintiff

DWT 22164598v1 0061270-000015
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax