**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| PENGUIN GROUP (USA) INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03:13-cv-00497-HU |
| | ) | |
| vs. | ) | |
| | ) | **ORDER ON RULE 41(d) MOTION** |
| AMERICAN BUDDHA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Duane A. Bosworth
Tim Cunningham
Davis Wright Tremaine LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201-5610

    Attorneys for Plaintiff


Derek C. Johnson
Johnson Johnson Larson & Schaller PC
975 Oak Street, Suite 1050
Eugene, OR 97401

    Attorney for Defendant




HUBEL, United States Magistrate Judge:

    This matter is before the court on the defendant's "Motion to Require Payment of Defense Costs of Previously Dismissed Action and for Stay of Action Pending Payment Thereof [F.R.C.P. 41(d)]." Dkt. #10. Neither party has requested oral argument on the motion, and in any event, the court finds oral argument is unnecessary to resolve the motion.

1 - ORDER ON RULE 41(d) MOTION

1    The litigation history between these parties is long, and
2  procedurally complex.   Prior to filing the instant case, the
3  plaintiff filed a virtually identical action against the defendant
4  in the United States District Court for the Southern District of
5  New York (the "New York action").   The defendant filed three
6  motions to dismiss on jurisdictional grounds.   Resolution of the
7  motions entailed interpretation of New York's longarm statute, and
8  included, among other things, the Second Circuit Court of Appeals's
9  certification of a question to the New York Court of Appeals.
10 After the certified question was answered, the Second Circuit
11 remanded the case to the Southern District of New York, where
12 further briefing and argument, and even limited discovery, ensued.
13 Ultimately, the Southern District of New York ruled in the
14 defendant's favor, and dismissed the case for lack of personal
15 jurisdiction.   *See Penguin Group (USA) Inc. v. American Buddha*,
16 slip op., 2013 WL 865486 (S.D.N.Y. Mar. 7, 2013).

17    After the dismissal, the defendant filed a motion for
18 attorney's fees in the New York action pursuant to Section 505 of
19 the Copyright Act, 17 U.S.C. § 505.   The defendant argued it was
20 the "prevailing party" in the case, and as such, it was entitled to
21 its fees and costs.   While that motion was pending in the New York
22 action, the plaintiff filed the present lawsuit in this court.   The
23 defendant promptly filed its Rule 41(d) motion, seeking the
24 identical fees and costs it was seeking in its motion in the New
25 York action.   The undersigned reserved ruling on the defendant's
26 Rule 41(d) motion pending a ruling by the Southern District of New
27 York on the defendants' motion for fees and costs in the New York
28 action.   On June 27, 2013, the court in the New York action denied

2 - ORDER ON RULE 41(d) MOTION

1  the defendant's motion for fees and costs, and also denied the

2  plaintiff's counter-motion for sanctions against the defendant.

3  *See* Dkt. #33-1.  The defendant's Rule 41(d) motion is, therefore,

4  ripe for decision.

5      Rule 41(d) provides:

6          **Costs of a Previously Dismissed Action.**  If a
           plaintiff who previously dismissed an action
7          in any court files an action based on or
           including the same claim against the same
8          defendant, the court:
           **(1)** may order the plaintiff to pay all or part
9          of the costs of that previous action; and
           **(2)** may stay the proceedings until the
10         plaintiff has complied.

11  Fed. R. Civ. P. 41(d).  The statute, on its face, provides for

12  payment of costs when the "*plaintiff . . . previously dismissed an*

13  *action*"; in other words, when the dismissal is by the plaintiff,

14  and is voluntary.  Despite the fact that here, the plaintiff did

15  not voluntarily dismiss the New York action, the defendant argues

16  case law supports its motion.  The defendant cites *Esquivel v.*

17  *Arau*, 913 F. Supp. 1382 (C.D. Cal. 1996), in support of its Rule

18  41(d) motion.  However, the defendant fails to note that the plain-

19  tiff in *Esquivel* <u>voluntarily</u> dismissed the prior action.  The

20  defendant also cites *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th

21  Cir. 2000), which similarly is inapposite.  In *Esposito*, the

22  plaintiff filed a prisoner 1983 action for deliberate indifference

23  to medical needs. One defendant, Smith, was dismissed on

24  stipulation of the parties; i.e., voluntary dismissal by the

25  plaintiff.  When the plaintiff filed a subsequent lawsuit and again

26  named Smith as a defendant, Smith moved for Rule 41(d) costs

27  related to the first action.  The motion was granted.

28

3 - ORDER ON RULE 41(d) MOTION

1    Some courts have expressly held that Rule 41(d) costs are not
2  available unless the prior action was dismissed voluntarily by the
3  plaintiff.  *See, e.g., Holden v. Simpson Paper Co.*, 48 Fed. App.
4  917 (5th Cir. 2002) (because the plaintiff did not dismiss the
5  prior action voluntarily, "rule 41(d) did not authorize the
6  sanction"; but noting "district courts have the inherent power to
7  sanction litigants for abusive conduct," and finding the plaintiff
8  in the case had deliberately disobeyed a court order,
9  "demonstrat[ing] sufficient bad faith to justify a district court's
10  sanction under its inherent power."); *see also* 9 C. Wright & A.
11  Miller, *Federal Prac. & Proc.* § 2375, at 246 (1971) (if prior case
12  is dismissed involuntarily, Rule 41(d) does not apply).  *But cf.*
13  *Hacopian v. U.S. Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir.
14  1983) (holding courts have inherent power to dismiss subsequent
15  case for plaintiff's failure to pay costs assessed against him in
16  prior involuntarily-dismissed case).

17    Although the Ninth Circuit has not addressed the issue
18  squarely, the *Hacopian* court did observe that "dangers of
19  harassment and vexatious litigation are not necessarily less
20  significant in cases of involuntary dismissal than in cases covered
21  by Rule 41(d)."  *Id.*  The court in *Holt v. Kormann*, 2012 WL 5829864
22  (C.D. Cal. Nov. 15, 2012), found this language, when viewed
23  together with cases from "several district courts" that have held
24  "*involuntary* dismissal also satisfies Rule 41(d)," supported a
25  conclusion that "such a construction is consistent with the purpose
26  of Rule 41(d), which is 'to protect defendants from the harassment
27  of repeated lawsuits by the same plaintiff on the same claims.'"
28  *Id.*, 2012 WL 5829864, at *3 (quoting *Jurin v. Google Inc.*, 695

4 – ORDER ON RULE 41(d) MOTION

F. Supp. 2d 1117, 1123 (E.D. Cal. 2010), in turn citing *Hacopian*, 709 F.2d at 1296).  The *Holt* court explained:

> This purpose is served by a plaintiff paying the defendant's costs for the first lawsuit where a plaintiff needlessly duplicates litigation by receiving an involuntary dismissal of the first action and filing a second action for the same claim against the same defendant. To hold that Rule 41(d) applied only where the prior action was *voluntarily* dismissed would have the perverse effect of exempting from Rule 41(d) the most vexatious and harassing of plaintiffs.  For example, if Rule 41(d) applied only where the prior action was *voluntarily* dismissed, it would not allow a court to award costs against a plaintiff whose first action was *involuntarily* dismissed and yet, despite this clear adjudication of her claim, nonetheless filed a second unmeritorious action against the same defendant.

*Id.* (emphasis in original).  Nevertheless, the *Holt* court "exercise[d] caution by tailoring its holding to the facts of [that] case," where the prior action was dismissed after the plaintiff had filed a notice of settlement, and then the plaintiff failed to respond to an order to show cause as to why the case should not be dismissed without prejudice.  The court observed, "This tailored holding is supported by the reasoning of the Ninth Circuit in *Hacopian*, where the Ninth Circuit noted that some involuntary dismissals, such as 'a dismissal for failure to prosecute, . . . may result from plaintiff's intentional conduct fully as much as a voluntary dismissal.'"  *Id.* at *4 (quoting *Hacopian*, 709 F.2d at 1297).

     Further, the issue of whether attorney's fees may be awarded at all under Rule 41(d) is unsettled, with a split among the Circuits.  Most courts addressing the issue have held fees may be awarded, with a minority of courts taking the opposite position.

5 - ORDER ON RULE 41(d) MOTION

1   The Ninth Circuit does not appear to have considered the issue, but

2   federal courts in California and Hawaii have held attorney's fees

3   may be appropriate under Rule 41(d).   *See id.* at *5 n.2 (citing

4   cases from California and Hawaii); *Esquivel*, 913 F. Supp. at 1388-

5   92 (analyzing the issue and reported decisions thoroughly, and

6   concluding attorney's fees may be awarded under Rule 41(d); noting

7   the issue has not been decided by the Ninth Circuit); *Bran v. Sun*

8   *Pacific Farming Coop.*, 2007 WL 781865, at *4 (E.D. Cal. Mar. 13,

9   2007) (noting that under *Esquivel*, "an award of attorneys' fees and

10  costs is not automatic, but within the discretion of [the] Court[,]

11  . . . [and] such an award is intended to serve as a deterrent to

12  forum shopping and vexatious litigation"). The *Esquivel* court

13  listed several factors for a court to consider when deciding

14  whether a defendant may be entitled to attorney's fees under Rule

15  41(d).

16      Despite the case law favoring a Rule 41(d) award when an

17  action is dismissed involuntarily, the facts in the present case do

18  not support such an award as they are distinguishable.  As the *Holt*

19  court noted, the purpose of Rule 41(d) is "'to protect defendants

20  from the harassment of repeated lawsuits by the same plaintiff on

21  the same claims.'" *Holt*, 2012 WL 5829864, at *3 (quoting *Jurin v.*

22  *Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010), in turn

23  citing *Hacopian*, 709 F.2d at 1296).   In its order denying the

24  defendant's motion for fees and costs, the New York court expressly

25  found that the questions raised by the defendant's dismissal

26  motions had been unresolved at the time, and the plaintiff's

27  "continued effort to litigate the issue of personal jurisdiction in

28  light of the questions of fact and law that had to be addressed by

6 - ORDER ON RULE 41(d) MOTION

1   the courts was neither frivolous nor unreasonable." Dkt. #33-1,

2   p. 3.  The New York court further found the plaintiff had "acted

3   reasonably in bringing [the] action in the district in which it

4   holds  its  copyrights  and  where  the  question  of  personal

5   jurisdiction over a foreign defendant in a case such as this was

6   unresolved." *Id.*  The court noted the defendant never disputed the

7   plaintiff's ownership of the copyright at issue, instead asserting

8   a "library privilege" affirmative defense.   Further, the court

9   noted the plaintiff's re-filing of the action in the District of

10  Oregon demonstrated its clear "interest in reaching the merits of

11  its claim." *Id.*, p. 4. The court found the plaintiff had not, at

12  any time, employed "any dilatory, vexatious, harassing or other

13  improper tactics in pursuing [the] action."  *Id.*, p. 4 (internal

14  quotation marks, citation omitted).*

15      The undersigned agrees with the well-reasoned opinion of the

16  Southern District of New York.  The plaintiff's filing of the New

17  York  action  was  neither  "an  exercise  in  forum-shopping,"  nor

18  "conducted for the sake of harassment," as claimed by the defendant

19  here.  It would not support the purpose of Rule 41(d) to award the

20  defendant fees and costs in connection with the New York action.

21  After vigorous litigation, the New York action was dismissed for

22  lack of personal jurisdiction under New York's longarm statute.

23  The court finds the plaintiff's refiling of the case in Oregon, the

24

25

26      *The plaintiff also sought sanctions against the defendant for
    filing the motion for attorney's fees and costs, arguing it was
    "patently clear" that the defendant had "absolutely no chance of
27  success."  The New York court found the defendant had not "acted
    vexatiously or in bad faith" in moving for attorney's fees and
28  costs.  Dkt. #33-1, p. 4.

7 - ORDER ON RULE 41(d) MOTION

1  state in which the defendant is incorporated, is neither forum

2  shopping, nor done for purposes of harassment. Therefore, even if

3  Rule 41(d) may apply even when a prior case is dismissed involun-

4  tarily (a finding the court stops short of making here), the facts

5  of the present case do not support such an application of the Rule.

6       For these reasons, the defendant's Rule 41(d) motion (Dkt.

7  #10) is **denied.**

8       IT IS SO ORDERED.

9                          Dated this <u>16th</u> day of July, 2013.

10

11

12                          /s/ Dennis James Hubel
                            Dennis James Hubel
13                          Unites States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8 - ORDER ON RULE 41(d) MOTION