**Derek C. Johnson, OSB #88234**
djohnson@jjlslaw.com
Johnson Johnson Larson & Schaller
975 Oak Street, Suite 1050
Eugene, OR 97401
Phone: (541) 484-2434
Fax:  (541) 484-0882

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **PENGUIN GROUP (USA), INC.,** | Case No.: 3:13-CV-00497-HU |
| Plaintiff, | **REPLY BRIEF IN SUPPPORT OF MOTION TO TRANSFER ACTION TO DISTRICT OF ARIZONA** |
| v. | |
| **AMERICAN BUDDHA,** | |
| Defendant. | |

## REPLY MEMORANDUM

**1. The Balance of Convenience Falls Strongly In Favor of The Moving Party**

The primary issue deserving of adjudication in this action, assuming the merits are not mooted by the statute of limitations and laches,[1] is simple: "Is American Buddha operating a genuine library, and is it entitled to the library exemption from copyright liability for its providing full access to Penguin's four titles?"

---

[1] The statute of limitations for copyright actions is three years, and there is no rule of automatic tolling during the pendency of other actions found to lack jurisdiction. Laches are presumed when, as here, the statute has run, on its face.

PAGE 1 OF REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER

This issue is one uniquely suited to decision in Arizona, and four non-party witnesses have submitted declarations stating their willingness to testify for American Buddha on the issue of its genuine library status.

Penguin's opposition has not identified any inconvenience that it would suffer due to the action being held in Arizona.

By its improper effort to withdraw Paragraph 27 of its Complaint, that was rejected by the Court (Docket # 38), Penguin has revealed its great fear that defendant's argument that the fair adjudication of the allegations of Paragraph 27 requires a transfer to Arizona.  The extent of the desperation that caused Penguin's counsel to attempt to "slip one by" the Court is revealed by the build-up to this event, in which Mr. Bosworth pulled out all the stops in his effort to squeeze a stipulation out of defendant's counsel right up the deadline for its filing of its opposition brief on the pending motion, and continuing over the Fourth of July weekend.  (C. Carreon Dec. ¶¶ 2 – 10.)  Clearly defendant's citation of paragraph 27 of the Complaint touched a nerve, because ever since defendant filed its motion to transfer, Penguin's counsel have been at pains to efface those words from its operative pleading.

The Court will weigh the facts here to determine whether the balance of conveniences is "truly lopsided," as the good professors advise.  Defendant respectfully submits that when one party submits evidence showing that when the moving party tenders declarations from four non-party witnesses offering to testify for the moving party on a material issue (the "real library" issue), but if and only if the trial is transferred, and the non-moving party submits no evidence whatsoever that it will suffer inconvenience due to transfer, it is clear that the requisites for transfer are established, and the Court may exercise its discretion to transfer.

### 2. There Are No "Clickwrap" Agreements on the Defendant's Websites, and The Exhibits to the Cunningham Declaration Have Not Been In Use For Three Years

The argument that defendant forces an Oregon forum selection clause of site visitors is simply false. The ABOL Librarian explains, with documentary corroboration, that this is not the case, in her supplemental declaration. (Supp. T. Carreon Dec. ¶¶ 3 – 13.)

### 3. The Hammond Declaration Is Irrelevant to This Action

Mr. Hammond is not an employee of defendant, and while he did indeed live in Troutdale, Oregon when he signed the declaration, he no longer does. Just before that he travelled extensively for about a year, and before that he lived for years in Houston, Texas. (Supp. T.Carreon Dec. ¶ 2.) Mr. Hammond's current location is not relevant either, because Defendant has no control over his living situation. Although Mr. Hammond's declaration was useful to Judge Edward M. Lynch in deciding that American Buddha had no jurisdictional contacts with the State of New York, that issue is not before the Court here. Penguin has not identified any matter that it would put to Mr. Hammond that would require his appearance at a trial in Arizona. The content of Exhibit 1 to the Cunningham declaration is irrelevant to this motion, because it does not change the calculus of convenience to the parties. F.R.E. 401 (evidence only relevant when it has "any tendency to make the determination of any fact that is of consequence to the determination of the action" more or less probable). Accordingly, it should be disregarded to simplify the adjudicatory process and avoid the waste of time. F.R.E. 402 and 403.

### 4. The Remainder of Penguin's Arguments Are Meritless

Penguin's argument that matters decided in the SDNY action are relevant to the pending motion is simply grasping at straw. Of course the SDNY judges all agreed that jurisdiction was proper in Oregon – that would be hornbook law. Venue is often deemed ripe for adjudication only after personal jurisdiction is established; accordingly, the Court must simply consider and determine here, now, what favors the convenience of the parties, and the interests of justice.

5. **Conclusion**

    Defendant respectfully submits that the balance of convenience and the interests of justify warrant the Court's exercise of its discretion to transfer the action to the District of Arizona, and request that the Court so order.

DATED: June 17, 2013.     /s/ Derek C. Johnson
                                                                 Derek C. Johnson, OSB #88234
                                                                 Johnson Johnson Larson & Schaller
                                                                 Attorney for Defendant American Buddha