**DUANE A. BOSWORTH, OSB** #825077
duanebosworth@dwt.com
**TIM CUNNINGHAM, OSB** #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

       Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **PENGUIN GROUP (USA) INC.,**<br><br>       **PLAINTIFF**,<br><br>v.<br><br>**AMERICAN BUDDHA,**<br><br>       **DEFENDANT**. | Case No. 3:13-cv-00497-HU<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO AMEND** |

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 15, plaintiff moves for leave to file a First Amended Complaint.  A copy of the proposed First Amended Complaint is attached as **Exhibit 1** to the Declaration of Duane Bosworth.

## II.    FACTS

Plaintiff filed its complaint on March 22, 2013.  On June 17, 2013, defendant filed a "Motion to Transfer Action to District of Arizona."  The motion, but not the memorandum,

Page 1 - MEMORANDUM IN SUPPORT OF MOTION TO AMEND

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

indicated that it was brought "pursuant to F.R.C.P. 12(b)(3) and 28 U.S.C. § 1404(a)" and that

"[t]he grounds for the motion are that the requirements of Section 1404(a) are met in all

particulars." As plaintiff pointed out in its Response, Dkt. 34, in fact defendant's motion was not

a Rule 12 motion. Counsel for the parties discussed this very issue on the telephone, before any

amendment was filed, that defendant's motion was not made regarding "improper

venue" -- proper venue was expressly conceded -- but was a *non*-Rule 12 motion regarding

convenience. As was discussed between counsel, that issue has implications for Fed. R. Civ. P.

12(g) and (h), also. Plaintiff's counsel understood from the discussion that defendant's counsel

concurred with that analysis and that no motion would be made against the amendment with

regard to any issue under Rule 15(a). Bosworth Decl. ¶ 5. (In fact, defendant did not make such

a motion.) On July 17, 2013, plaintiff filed a First Amended Complaint as a matter of course,

under Fed. R. Civ. P. 15(a)(1). On July 18, 2013, that filing was struck, with the note that

"Plaintiff may not amend its complaint without leave of the court in light of defendant's Rule

12(b)(3) motion, which was served more than 21 days before July 17, 2013 (see FRCP

15(a)(1)(B))." In an attempt to clear all this up, and to achieve the amendment in question,

plaintiff makes this motion.

### III.    ARGUMENT

#### A.    Plaintiff's previously filed amendment.

Plaintiff will briefly explain its July 17, 2013 filing of a First Amended Complaint.

Under Fed. R. Civ. P. 15(a), a plaintiff may amend "as a matter of course" within "21

days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),

(e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). In other words, and conversely, a

plaintiff may amend once "as a matter of course" unless defendant has served a responsive

pleading or filed a motion under Rule 12(b), (e), or (f).

As plaintiff pointed out first in its Response, Dkt. 34, defendant's motion for *transfer* of

venue for convenience was not in fact a Rule 12(b)(3) motion. "A motion to transfer venue

DWT 22288513v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

under [section] 1404(a) is not a Rule 12(b)(3) motion." *James v. Norfolk & W. Ry. Co.*, 430 F. Supp. 1317, 1319 n.1 (S.D. Ohio 1976). A Rule 12(b)(3) motion asserts "*improper* venue." That was not defendant's claim, as confirmed in the July 17, 2013 conference between counsel, nor *could* it be defendant's claim, consistent with defendant's motion to transfer, which has as its prerequisite that existing venue is proper. Defendant actually brought a motion under 28 U.S.C. § 1404(a), seeking a change of venue for the "convenience of parties and witnesses." A court granting a motion brought under § 1404(a) does *not dismiss* the action, as is the case under Rule 12, but transfers the action to another district. *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994) (dismissal, as opposed to transfer, is improper under 28 U.S.C. § 1404); *cf.* 28 U.S.C. § 1406(a) (providing for dismissal where venue is improper). A motion under 28 U.S.C. § 1404(a) is not a motion made under Rule 12(b)(3). Consistent with this, motions to be made under 28 U.S.C. § 1404(a) are not waived under Rule 12(h) when a party makes an initial Rule 12 motion -- waiving an objection to *improper* venue does not waive an objection to *inconvenient* venue. *Turnage v. Old Dominion Freight Line, Inc.*, No. C 13-1409 PJH, 2013 U.S. Dist. LEXIS 84277 at * 14 (N.D. Cal. June 14, 2013) ("Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under § 1404(a) does not relate to a "defense" that must be raised by pre-answer motion or in a responsive pleading.").

That defendant once mistakenly referred to its motion as a Rule 12(b)(3) motion does not change this analysis. In the Ninth Circuit, courts look to the substance of a motion to determine the rule under which it is brought. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (1983). As plaintiff noted in its Response to defendant's motion to transfer venue, "[d]espite defendant's motion for 'dismissal,' venue is not improper here and defendant's actual contention is that it will be more convenient for defendant's witnesses if the litigation is moved to Arizona." Dkt. #34, p. 2. Again, defendant did not assert that venue was *improper* in the District of Oregon, the basis for a Rule 12(b)(3) motion. To the contrary defendant asserted that venue was

Page 3 - MEMORANDUM IN SUPPORT OF MOTION TO AMEND

*proper* in the District of Oregon, as it must have asserted, in accordance with the requirements of 28 U.S.C. § 1404(a).  Dkt. #25, pp. 4-5.

The parties discussed these very points in a telephone conference, noting the difference between a Rule 12(b) motion for improper venue and a *non*-Rule 12(b) motion for change of venue, along with implications under Rule 12(g) and (h).  In good faith, plaintiff's counsel understood from the conference that defendant's counsel agreed with this distinction and the meaning of Rule 15(a)(1)(B).  Plaintiff did not anticipate any motion from defendant regarding timing under Rule 15(a)(1) and of course, defendant did *not* in fact make any such motion, just as anticipated; the amended complaint was stricken, *sua sponte*.  In retrospect, it may have been easier to move for amendment pursuant to Rule 15(a)(2), explaining therein that leave may not be required because no Rule 12(b) motion had been made.  In good faith, plaintiff concludes it has a right to amend as a matter of course, but plaintiff makes this motion in order to achieve amendment in all events.

### B.      Leave to Amend.

Plaintiff believes it was entitled to amend as a matter of course, without leave, pursuant to Rule 15(a).  If that is not correct, plaintiff respectfully requests leave, pursuant to Rule 15(b), to file its proposed First Amended Complaint.  "Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint."  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  Courts evaluate undue delay, bad faith, futility of amendment and prejudice to the opposing party, but the "crucial factor is the resulting prejudice to the opposing party."  *Id.*  Plaintiff respectfully contends there is no resulting prejudice to defendant that warrants denying an amendment that conforms to the legal position which has been clear for at least several years, despite plaintiff's mistaken, inadvertent reference to "virtual-only" in the complaint presently on file.

Page 4 - MEMORANDUM IN SUPPORT OF MOTION TO AMEND

DWT 22288513v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**1.    There has been no undue delay and the amendment is made in good faith.**

The proposed amended complaint is offered before answer, or, as discussed above, any Rule 12 motion against the existing complaint.  Defendant will not duplicate any responsive pleading or motion in responding to the *amended* complaint.  The amendment will not cause delay.

Moreover, the amendment is made in good faith.  In his present declaration in support of motion to transfer, Dkt. 43, erroneously sworn to as of May 16, 2013, Mr. Carreon implies that defendant has somehow relied on plaintiff's "virtual-only" allegation and defendant therefore objects to a change in that allegation.  That plaintiff is *not* asserting "virtual-only" in its infringement allegations, despite plaintiff's error in the now active complaint, has been clear for years in the litigation in the Southern District of New York.  Since 2009 Defendant has referred to its "physical library" as noted in plaintiff's opposition to the first motion to dismiss.  Bosworth Decl. ¶ 6; SDNY Dkt. 13 at 19 n.8.  Defendant further described the "physical collection of books and the issuance of library cards" in Tara Carreon's July 22, 2011 declaration.  Bosworth Decl. ¶ 7; SDNY Dkt. 28 at 2.  In fact in that declaration, Tara Carreon states that "American Buddha . . . utilizes the Internet . . . for the sole purpose of providing a resource for education and scholarship . . . in compliance with the law applicable to *all libraries, whether constructed of 'bits and bytes' or 'bricks and mortar.'*"  *Id.* (emphasis added)  In plaintiff's Opposition to defendant's third motion to dismiss, plaintiff described the Carreons' address, "2165 S. Avenida Planeta, Tucson, Arizona, [which] is also the location of American Buddha's physical library."  Bosworth Decl. ¶ 8; SDNY Dkt. 56 at 12.  That same memorandum makes precisely the legal point at issue here:  "The statute itself requires that any copy of a work that a physical library or archive makes in a digital format 'not [be] made available to the public in that format outside the premises of the library or archives.'  17 U.S.C. § 108(b)(2), (c)(2)."  Bosworth Decl. ¶ 9; SDNY Dkt. 56 at 3.  Similarly in the memorandum found at Dkt. 73 in the Southern District of New York, plaintiff stated:  "The statute requires, among other things, that any copy of a work that a

Page 5 - MEMORANDUM IN SUPPORT OF MOTION TO AMEND

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

library or archive makes in a digital format 'not [be] made available to the public in that format outside the premises of the library or archives.' 17 U.S.C. § 108(b)(2), (c)(2). Thus even if American Buddha as an institution qualified for the library privilege, its activities would not." Bosworth Decl. ¶ 10; SDNY Dkt. 73 at 11.

The parties' litigation in New York shows the understanding that the question at issue is whether *any* library can make a copy available in a digital format outside the premises of that library. It has been clear for some time that "virtual-only" was not and is not an issue in this litigation; no library, no matter how large physically, can distribute copyrighted works as defendant does. Plaintiff made a mistake in the use of the phrase "virtual-only" in its complaint. Plaintiff seeks to correct this error to conform to 17 U.S.C. § 108 and to the matters actually at issue. Allowing the amendment is consistent with the purposes of Rule 15, which is "to facilitate a proper decision on the merits." *Howey*, 481 F.2d at 1190 (citation omitted).

## 2.    Defendant is not prejudiced.

With all due respect, defendant will not be prejudiced by the amendment. Defendant has not answered the complaint or responded on the merits. "Virtual-only" has long been recognized in fact as a non-issue in the litigation between these parties. The correction in Paragraph 27 does not prejudice defendant. If plaintiff was not permitted to amend as "a matter of course" under Rule 15(a), plaintiff respectfully requests leave to amend its complaint pursuant to Rule 15(b). *See Howey*, 481 F.2d at 1190-91 ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

DWT 22288513v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### III.    CONCLUSION

For the reasons stated above, plaintiff asks this Court to grant its motion.

DATED this 22nd day of July, 2013.

DAVIS WRIGHT TREMAINE LLP

By  s/ Duane A. Bosworth
**Duane A. Bosworth**, OSB #825077
**Tim Cunningham**, OSB #100906
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
duanebosworth@dwt.com

Attorneys for Plaintiff

Page 7 - MEMORANDUM IN SUPPORT OF MOTION TO AMEND