**DUANE A. BOSWORTH, OSB** #825077
duanebosworth@dwt.com
**TIM CUNNINGHAM, OSB** #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **PENGUIN GROUP (USA) INC.,**<br><br>                **PLAINTIFF**,<br><br>v.<br><br>**AMERICAN BUDDHA,**<br><br>                **DEFENDANT**. | Case No. 3:13-cv-00497-HU<br><br>**DECLARATION OF DUANE A. BOSWORTH IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

I, Duane A. Bosworth do hereby state and declare as follows:

1.      I am an attorney at Davis Wright Tremaine LLP and am one of the attorneys representing plaintiff in this case.  This declaration is made in support of Plaintiff's Motion for Leave to File a First Amended Complaint.

2.      Attached hereto as **Exhibit 1** is a copy of plaintiff's proposed First Amended Complaint.

3.      I first conferred with defendant's counsel, Marilyn Heiken, on July 3, 2013, regarding an amendment that would correct my error in using the phrase "virtual-only" with regard to defendant's library.  I explained to Ms. Heiken that the phrase in question was a

Page 1 - BOSWORTH DECL. IN SUPPORT OF MOTION TO AMEND COMPLAINT

DWT 22320067v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

mistake and that, unfortunately, it confused plaintiff's actual position regarding the law in question, and did not accurately reflect what plaintiff has come to learn about defendant since 2009. Ms. Heiken and I discussed plaintiff's position that while it is certainly the case that no "virtual-only" library could infringe in the manner defendant has, making digital copies of copyrighted works available to the public, it is equally and more importantly true that neither could any non-virtual library, that is in fact any library, make digital copies available to the public outside its physical premises. 17 U.S.C. § 108(2)(b), (2)(c). Our discussion was that plaintiff sought to correct an error in the complaint.

4.  Before filing plaintiff's First Amended Complaint on July 17, 2013, I had several more telephone conferences with Ms. Heiken. After Ms. Heiken sent me the July 17 email Mr. Carreon refers to, discussing the time for filing an amended complaint following a 12(b)(3) motion, Ms. Heiken and I had a cordial, somewhat extended conversation in which we discussed Rules 12(b)(3) and 15(a). Ms. Heiken said that defendant had filed a 12(b)(3) motion regarding improper venue. I explained that in fact defendant did not seek a dismissal under Rule 12(b)(3) and that in order for defendant's actual motion for change of venue to be granted, defendant had to concede and, in fact, had conceded that venue was actually *proper* in the District of Oregon, if inconvenient. We very briefly discussed that there was case law making this distinction. Ms. Heiken stated that she understood. I explained that plaintiff was entitled to amend "as a matter of course" under Fed. R. Civ. P. 15(a). I did not have any question in my mind that Ms. Heiken's response indicated that she understood and agreed with that position regarding Rule 15. I understood from our last conference there would be no motion made by defendant regarding timing under Fed. R. Civ. P. 15(a) and, of course, defendant did not make any such motion.

5.  Attached hereto as **Exhibit 2** is a true and correct copy of page 19 of Docket entry #13 in *Penguin Group (USA) Inc. v. American Buddha*, Case No. 09 CV 528 in the Southern District of New York.

Page 2 - BOSWORTH DECL. IN SUPPORT OF MOTION TO AMEND COMPLAINT

DWT 22320067v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

6. Attached hereto as **Exhibit 3** is a true and correct copy of page 2 of Docket entry #28 in *Penguin Group (USA) Inc. v. American Buddha*, Case No. 09 CV 528 in the Southern District of New York.

7. Attached hereto as **Exhibit 4** is a true and correct copy of page 12 of Docket entry #56 in *Penguin Group (USA) Inc. v. American Buddha*, Case No. 09 CV 528 in the Southern District of New York.

8. Attached hereto as **Exhibit 5** is a true and correct copy of page 3 of Docket entry #56 in *Penguin Group (USA) Inc. v. American Buddha*, Case No. 09 CV 528 in the Southern District of New York.

9. Attached hereto as **Exhibit 6** is a true and correct copy of page 11 of Docket entry #73 in *Penguin Group (USA) Inc. v. American Buddha*, Case No. 09 CV 528 in the Southern District of New York.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on this 22nd day of July, 2013, at Portland, Oregon.*

s/ Duane A. Bosworth
Duane A. Bosworth, OSB #825077

Page 3 - BOSWORTH DECL. IN SUPPORT OF MOTION TO AMEND COMPLAINT

DWT 22320067v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax