# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

PENGUIN GROUP (USA) INC.,

**Plaintiff(s),**

v.

AMERICAN BUDDHA,

**Defendant(s).**

Civil Case No. 3:13-cv-00497-HU
RESUBMITTED
APPLICATION FOR SPECIAL
ADMISSION – *PRO HAC VICE*

Attorney **Charles Carreon** requests special admission *pro hac vice* in the above-captioned case.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and certify that the following information is correct:

(1) **PERSONAL DATA:**

Name: **Carreon** (Last Name) **Charles** (First Name) **H** (MI) ___ (Suffix)

Firm or Business Affiliation: **Sole practicioner**

Mailing Address: **2165 S Avenida Planeta**

City: **Tucson**  State: **AZ**  Zip: **85710**

Phone Number: **520-841-0835**  Fax Number: **520-843-2083**

Business E-mail Address: **chascarreon@gmail.com**

(2) **BAR ADMISSIONS INFORMATION:**

    (a)    State bar admission(s), date(s) of admission, and bar ID number(s):

        California, Admit date 1/14/1987, CSB # 127139

        Oregon, Admit date 9/27/1993, OSB # 934697

        Arizona (Registered In-House Counsel for Arizona company under Rule 38(i) of Supreme Court Rules of Arizona, Feb 12, 2013 [No Bar Number Issued])

    (b)    Other federal court admission(s), date(s) of admission, and bar ID number(s):

        Central District of California (1987), Northern District of California (1987)

        Eastern District of California (1987), Southern District of California (1987)

        Ninth Circuit Court of Appeals (1987), Second Circuit Court of Appeals (2009)

(3) **CERTIFICATION OF DISCIPLINARY ACTIONS:**

    (a)    ☐ I am not now, nor have I ever been subject to any disciplinary action by any state or federal bar association; or

    (b)    ☒ I am now or have been subject to disciplinary action from a state or federal bar association. (See attached letter of explanation.)

(4) **CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**

I have a current professional liability insurance policy in the amount of $ 500,000 that will apply in this case, and that policy will remain in effect during the course of these proceedings. (Lloyds of London Policy # SYN-103205)

(5) **REPRESENTATION STATEMENT:**

I am representing the following party(s) in this case:
Defendant American Buddha

(6) **CM/ECF REGISTRATION:**

Concurrent with approval of this *pro hac vice* application, I acknowledge that I ~~will~~ am ~~become~~ a registered user of the Court's Case Management/Electronic Case File system. (*See* the Court's website at ord.uscourts.gov), and I consent to electronic service pursuant to Fed. R. Civ. P 5(b)(2)(E) and the Local Rules of the District of Oregon.

DATED this __24th__ day of __July__, __2013__

_____
(Signature of Pro Hac Counsel)

Charles Carreon
(Typed Name)

**CERTIFICATION OF ASSOCIATED LOCAL COUNSEL:**

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in this particular case.

DATED this __24th__ day of __July__, __2013__

_____
(Signature of Local Counsel)

Name: __Johnson__     __Derek__     __C__
(Last Name)    (First Name)    (MI)    (Suffix)

Oregon State Bar Number: __882340__

Firm or Business Affiliation: __Johnson Johnson Larson & Schaller PC__

Mailing Address: __975 Oak St Ste 1050__

City: __Eugene__     State: __OR__     Zip: __97401__

Phone Number: __541-484-2434__     Business E-mail Address: __541-484-0882__

**COURT ACTION**

☐ Application approved subject to payment of fees.
☐ Application denied.

DATED this _____ day of _____, _____

_____
Judge

# CHARLES CARREON

LAW FOR THE DIGITAL AGE

July 23, 2013

Hon. Dennis J. Hubel
United States District Court
Mark O Hatfield U.S. Courthouse
1000 S.W. Third Ave.
Portland, OR 97204

Re:   *Penguin v. American Buddha* Case No. 3:13-CV-00497-HU

Your Honor:

This letter supports my resubmitted motion for admission *pro hac vice* to allow me to represent defendant American Buddha pro bono in *Penguin v. American Buddha* Case No. 3:13-CV-00497-HU.

I respectfully request *pro hac vice* admission as an inactive member of the Oregon State Bar. I was admitted to the Oregon State Bar in 1993. I went on inactive status at the expiration of the dues-paying year in 2007, not long after moving to Tucson, Arizona in April 2007. Commencing this January, when I logged my fifth inactive year, I became ineligible to reactivate without applying for reinstatement. I have no other clients in Oregon, nor do I anticipate any other reason to practice in Oregon. Accordingly, the sole reason for me to practice in Oregon is the pending action, and I request to be admitted in order to represent the defendant.

I have one instance of prior discipline in Oregon, and a reciprocal sanction from the State Bar of California. In 2007, I submitted to a sixty-day suspension for multijurisdictional practice and negligent disbursement of $1,400 in client funds in early 2002 to a third party in a manner that caused no harm to the client but should have been pre-approved by the client, and was not. That same year, California imposed an identical sanction for the same conduct, with the additional requirement that I retake the Professional Responsibility Exam and complete three years of probation. Being subject to bar discipline induced reflection on the nature of law practice, and moved me to choose clients more carefully and improve my communications with them.

With respect to the award of attorney's fees against me in *Recouvreur v. Carreon*, Case No. 3:12-cv-03435 RS (N.D.Cal. 2013), I provide the following abbreviated procedural account of the action, that I submit does not reflect badly upon me as a reasonable attorney who was placed in a tough spot in litigation to which I was obliged to respond in *pro se* status. The District Court in *Recouvreur* awarded fees to a declaratory relief plaintiff, Christopher Recouvreur, who registered "Charles-Carreon.com" using domain-privacy, published my face on the front, displayed the phrase "Censorious Douchebag" above my head, and starting posting nonsense under my name, misrepresenting me as a trigger-happy nutcase type of lawyer, which I most certainly am not.

When Recouvreur started publishing the Censorious Douchebag website, I already had two Twitter impersonators who were pursuing the same strategy to defame me by proxy, and a third person hosting another satirical site at CharlesCarrion.com with the same general plan in mind, so I was quite occupied with trying to reclaim my own name from the Internet and prevent these "copycats" from stirring up

2165 S. Avenida Planeta • Tucson, Arizona 85710
520-841-0835 • Chas@CharlesCarreon.com • www.CharlesCarreon.com

trouble for me. I own USPTO Registration # 3,749,709 on my name in International Class 45 for "legal services." Accordingly, I wrote a stern letter to Recourvreur's lawyer at Public Citizen Litigation Group ("PCLG"). Without so much as a "by your leave," PCLG preemptively sued me for declaratory relief in San Francisco, where I could not afford to retain counsel. Upon researching the matter, I discovered that PCLG had repeatedly won these types of lawsuits against trademark holders, but had never received an award of fees, despite seeking such awards and having worked much harder in those prior cases. Thus, I thought an award of fees unlikely, and in an effort to shorten the proceedings, before any responsive pleading was due, I made an offer of judgment under F.R.Civ.P. 68 that Recouvreur accepted. Post-settlement, opposing counsel still demanded fees under the Lanham Act.

Although I tried, I could not reach a compromise number to resolve plaintiff's counsel's demand for fees. PCLG attorney Paul Levy was inflexible about his billing rate of $700/hr as a public-interest lawyer, and his demand for settlement never dropped below $40,000. I thought the amounts Mr. Levy was requesting were so large that discovery was merited, and so I moved *ex parte* for leave to conduct discovery, which the Court granted. I conducted discovery in good faith, courteously, and without delay, and timely filed opposition to the motion for fees. Accordingly, it was a surprise to me that the Court said in its opinion granting fees to Recouvreur that it was the fact that I had conducted discovery that had transformed the case, in the Court's view, into an "exceptional case" within the meaning of the Lanham Act. In summary, the award of fees was for reasons having nothing to do with the propriety of my conduct, and simply reflected the Court's disagreement with my strategy. I have filed an appeal of the Court's decision, and when questioned by the press, responded in a respectful manner that expressed no criticism of the ruling.

Finally, with respect to any concerns this Court may have concerning my legal acumen and ethical disposition, I stand ready to respond to any inquiries the Court may have, and commit to uphold the best traditions of the Bar as an officer of the Court. Accordingly, I respectfully request the Court to admit to practice *pro hac vice* in the pending matter as counsel for defendant American Buddha.

Very truly yours,

Charles Carreon
2013.07.23 12:49:57
-07'00'

Charles Carreon
Attorney at Law