**DUANE A. BOSWORTH, OSB** #825077
duanebosworth@dwt.com
**TIM CUNNINGHAM, OSB** #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **PENGUIN GROUP (USA) INC.,**<br><br>                  **PLAINTIFF**,<br><br>  v.<br><br>**AMERICAN BUDDHA,**<br><br>                  **DEFENDANT**. | Case No. 3:13-cv-00497-HU<br><br>**RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION -** *PRO HAC VICE* |

    Applicant has resubmitted an application for special admission, although at this moment applicant has not met the first of three requirements for admission, namely association with an attorney admitted to general practice before the bar of this Court, who will meaningfully participate in the preparation and trial of this case.  LR 83-3.  Counsel for plaintiff now responds, in all events.

    Counsel does not harbor personal animus toward applicant, although applicant's exceptional personal communication to counsel indicates he has determined otherwise.  Counsel *does* conclude that applicant's direction of what should be straightforward litigation will

Page 1 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22338672v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

substantially prolong it and make it significantly more expensive and time consuming for all, including the Court. That may not be determinative of the present application, although the Ninth Circuit has repeatedly stated that even in criminal matters, which implicate the Sixth Amendment, it is a "compelling purpose" that the court ensure "the efficient and orderly administration of justice" with regard to considering admission *pro hac vice*. Counsel's concerns include obligations under Oregon Rules of Professional Conduct 3.2 and 3.3, involving candor toward this tribunal and fairness to opposing party and counsel. "Attorneys who are specially admitted *pro hac vice* in this Court must comply with the standards of professional conduct required of the members of the Oregon State Bar, including the Oregon Code of Professional Responsibility. LR 83.7(a)." *Dacosta v. Novartis AG*, 242 F. Supp. 2d 765, 772 (D. Or. 2002). Counsel fully recognizes that consideration of applicant's second application is committed to the sound discretion of this Court. Counsel will briefly point out issues raised by the application.

## I.    APPLICANT'S SUBMISSIONS TO THIS COURT TO DATE.

In response to the prior application for *pro hac vice* admission, counsel pointed out that in applicant's recent motion for attorney's fees in the United States District Court, Southern District of New York, applicant represented to that court, for the purpose of establishing his credentials regarding the fees requested, that "I am an attorney licensed to practice before all courts in the state of … Oregon." That representation was untrue. Applicant was then inactive and had been inactive in the Oregon State Bar throughout the pendency of the proceedings in the Southern District of New York and was, under the rules of the Oregon State Bar, *not* able at any time during the litigation in New York to practice law in Oregon or to appear in *any* court in the state of Oregon. Counsel also pointed out that applicant made the same declaration, that "I am an attorney licensed to practice before all courts in the state of … Oregon," to *this* Court in his declaration in support of his Rule 41(d) motion. That declaration was made after he sought *pro hac vice* admission in this Court.

Page 2 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22338672v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Aware of the problem with his representation, applicant edited his statement in the next declaration he filed on July 19, 2013. After editing the statement precisely for the purpose of *avoiding* misrepresentation, applicant *now* tells this Court that "I am an attorney … admitted to the bar of this Court …." Paragraph 1, Docket 43. Applicant perceives that this is an acceptable, materially true statement. Under the circumstances, it cannot be a mistake. And that is the problem. Applicant may have a lengthy explanation that would describe why he believes this statement is true. It may be that from applicant's point of view he *was* admitted to the Bar of this Court in the past and there have been no disbarment proceedings or order of this Court reversing that, although his prior application for special admission has been denied. There may be some *other* lengthy explanation. In all events, the statement as made is objectively, materially false, despite the perception applicant apparently has.

To be clear, it is not the substance of the particular falsity there that is significant -- the Court knows that applicant is not "admitted to the bar of this Court" or he would not be seeking *pro hac vice* admission. Instead, it is the pattern of and reasons for applicant's conduct that matter, and their implications for future conduct that will impair the fair and efficient administration of justice in this matter. Applicant has a different perception of what may be fairly represented.

This example does not stand alone. In the present Declaration of Tara Lyn Carreon, presumptively drafted by applicant, declarant states that "the truth is that no one has signed any 'online user and anti-piracy agreement' in three years." Docket 44, ¶ 13. Counsel has personal knowledge that this statement is simply not true and that no inquiry could have been made supporting this statement. Applicant has a disregard for what may be represented to this Court. In that same declaration, Ms. Carreon states that all of the pages regarding consent to jurisdiction in Oregon "were removed from the 'open-to-the-public' areas at AmericanBuddha.com and NaderLibrary.com … in or about the summer of 2010 …." Regarding the *same* consent to jurisdiction agreements, Ms. Carreon declares three sentences later with regard to the same

Page 3 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22338672v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

websites that "I will remove them from public view at the earliest opportunity." It is possible there is some lengthy explanation that could be offered in an attempt to coordinate these statements, but objectively the first statement as provided to the Court must be materially false in light of the second statement. Similarly, a statement at page 3 of the present Reply Brief, Docket 42, that "There are no 'clickwrap' agreements on the defendant's websites" *must* be materially false in light of Ms. Carreon's additional declaration that "a list of all of the files that contain the … clickwrap agreements is attached as Exhibit 1 hereto. I will remove them from public view at the earliest opportunity …."

These are merely illustrative examples of applicant's repeated misperceptions of what representations may be fairly made to the Court that will not interfere with the fair and efficient administration of justice under LR 83-7, and what statements are consonant with applicant's obligations under the Rules of Professional Conduct 3.3 and 3.4, candor toward this tribunal and fairness to opposing party and counsel. The conduct to date causes concern about future conduct. The Court may reasonably have concern about the conduct of an applicant who concludes that it is fair to have made such statements in this matter to date.

## II.  *RECOUVREUR V. CARREON*

In response to the first *pro hac vice* application, counsel cited the recent order in *Recouvreur v. Carreon*, No. 3:12-cv-03435-rs that resulted in an attorney fee award in a total amount of $46,100.25. Exhibit 4 to the Response to Application for Special Admission - *Pro Hac Vice.* Counsel cited that court's holding, in part, that "defendant's [Carreon] actions throughout the litigation certainly transformed this case into an exceptional matter deserving an award of attorney fees …. Evidence supports a finding of malicious conduct during the course of this case."

Page 4 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22338672v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

In his second application letter, applicant takes significant pains to explain that matter. Applicant begins by complaining of statements directed at him by Internet bloggers,[1] which led to applicant's responding "by threatening to string out litigation, to seek high levels of monetary relief, to delay filing suit for years in the hope that [counsel for Recouvreur] would no longer be interested, and to file in a jurisdiction that had not yet adopted the legal principles followed in the Ninth Circuit." *Recouvreur* Docket 42, page 6.

Applicant's description of the fee award in federal court in the Northern District of California is materially false in several respects. Applicant tells this Court that the dispute was about fees demanded only under the Lanham Act, and only after the matter had been settled. Applicant fails to tell this court that significant fees were awarded under Fed. R. Civ. P. 4(d)(2). Applicant repeatedly evaded service when a process server came to his home and indeed sent an email to Recouvreur's counsel saying he would not expose himself to service. *Recouvreur* Docket 42, page 7. Plaintiff was unable to serve applicant until applicant appeared in a different matter in federal court in San Francisco and plaintiff was able to have him served personally, outside the courtroom. *Id*. Despite conferral, applicant *then* refused to pay the expenses of the service that had been required by his evasion of service. Rule 4(d)(2) states that "the court must impose on the defendant" the expenses incurred in making service and reasonable expenses incurred in a motion required to collect those expenses. Plaintiff was required to file a motion. Applicant does not tell this Court that because he evaded service and required a process server to

---

[1] Applicant does not mention, however, his wife's blog, which in mid-June, 2013, directed an *ad hominem* attack against this counsel, in the instant matter, and later savagely pilloried Recouvreur himself, posting a photo of Recouvreur's wife, stating that "One can't help but visualize sexual violence between them" and after describing where plaintiff Recouvreur lives and advising readers to "look this guy up," posted an identifying photo of the Recouvreurs' nine-year-old son, followed two weeks ago with another photo of the nine-year-old with a cartoon bubble in which he tells his father "I just tore my teacher a new asshole;" yet another blog in which polar bears eat the nine-year-old, depicted again with an identifying photo; and yet another blog addressing the nine-year-old's testicles.

Page 5 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DWT 22338672v1 0061270-000015

track him to federal court in an unrelated matter, *and* thereafter refused to pay those relatively small costs, the court in the *Recouvreur* matter assessed $8,450 in fees under Rule 4(d)(2), not mentioned in applicant's July 23, 2013 letter to this Court.

Applicant further makes a materially false statement by telling this Court that "it was the fact that I had conducted discovery," "in good faith, courteously, and without delay," that led the judge in the Northern District of California to award an additional $37,650.25 under the "exceptional case," "malicious conduct" provision of the Lanham Act. Applicant, with his misperception of what is fair to represent to this Court, tells this Court in his July 23 application that "In summary, the award of fees was for reasons having nothing to do with the propriety of my conduct …." That statement, again, is materially false. In discovery, applicant probed political matters and associations concerning plaintiff and plaintiff's attorney, along with compensation issues. Applicant filed an unprotected response to plaintiff's motion for attorneys' fees containing material subject to a protective order, resulting in that document being locked. *Recouvreur*, Docket 54. In the end, the Court found that, despite the "mini-trial on plaintiff's motion for fees," causing plaintiff to incur an additional $37,650.25 in fees and costs *after* plaintiff's motion for fees was filed, applicant/defendant had "presented no evidence to support his initial contention that plaintiff's attorney is on a mission to 'turn Internet gripe sites into profit centers for him and public citizens' law group,'" Document 17, Exhibit 4, page 8.

It is not the case that the award of fees was for reasons having nothing to do with the propriety of applicant's conduct, as applicant stated to the Court in his July 23, 2013 letter. Fees were awarded under Rule 4(d)(2), both for evasion of service and refusal to pay small mandatory costs, which applicant omits from his representations to this Court. And fees were awarded under the Lanham Act for *malicious conduct*, not the court's "disagreement with my strategy." Applicant's representation to this Court, that "it was the fact that I had conducted discovery that had transferred the case, in the Court's view, into an 'exceptional case,'" Applicant's July 23 letter, p. 2, is materially false.

Page 6 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22338672v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### III.    INSURANCE

In his first application, applicant told this Court that he was *exempt* from the requirement of insurance, when he was actually *excluded* from having any *coverage*, were he to be insured by the PLF.  With all due respect, that statement to the Court was again a misperception of what fair representation to the Court entails.  Applicant himself has since written to counsel that

> Your analysis of the fact that the PLF would not cover any claim that American Buddha might theoretically assert against any covered law firm seems to resolve the important matter before the Court—whether any malpractice on my part in this action could possibly lead to PLF picking up the bill for my negligence.  The answer would be "NO."  Accordingly, it would seem that provides an appropriate basis for the Court to find that the usual requirement of having professional liability insurance could be waived in the case of my *pro hac* application, since it will not expose the PLF indemnity fund to depletion by the negligence of a non-covered lawyer.

Bosworth Decl. ¶ 3.  At minimum, applicant wholly misperceives what is at issue.

Applicant's position, and his reference above to a "covered law firm," raise two remaining questions.  First, is applicant certifying that the insurance he obtained does not contain an exclusion for legal work performed for a family member?  That exclusion is not uncommon.  Second, who, or what entity, does the insurance cover, and who, or what entity, would appear in this matter?  In the litigation in the Southern District of New York, applicant appeared as "Charles Carreon, Online Media Law, PLLC."  This is an assumed business name for his Oregon corporation, Online Media Law, *LLC*, which, at the time of his representations to the Southern District of New York, had as its sole business activity "consulting," as reported to the Oregon Secretary of State.  His more recent filing tells the Secretary of State that the business activity of Online Media Law, LLC is "legal services, online consulting and publishing."  Neither Oregon nor California, where applicant has a license, recognizes a "PLLC."  Arizona, however, where applicant represents he has a license only to represent American Buddha, alone, as in-house counsel, *does* recognize a "PLLC" entity.  The question is who, or what entity, would appear in this Court, and who, or what entity, has insurance?

Page 7 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22338672v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## IV.     REMAINING QUESTIONS

As described in counsel's previous response to application for special admission, applicant's "Registered In-House Counsel" status in Arizona limits him to providing legal services to *one* corporation for which he is in-house counsel, and even there, by applicant's explanation, not permitting appearances in court.  Under that status, applicant may not "provide legal services to any person or entity other than the *one* for which registrant services as in-house counsel, or its parents, subsidiaries, or affiliates…."  Arizona Supreme Court Rule 38(h), ¶ 9.  Applicant, however, is listed in the State Bar of Arizona Find a Lawyer website as in-house for "AZ Tech Printing/Properties," *not* American Buddha.  Bosworth Decl., ¶ 1.  Perhaps even more importantly, applicant has sworn to this Court that he presently has "a solo practice servicing small- to mid-sized technology and media clients doing transactional and litigation work, some criminal defense when the appropriate case arises, and pro-bono work in various fields."  Docket 11 at ¶ 17.  He has also sworn to this Court that "I have a client base that includes media creators, software companies, and website operators, from places as distant as the United Kingdom, Australia, and India, in a variety of capacities, including corporate acquisitions of entire companies, and the management of substantial intellectual property portfolios."  *Id*., ¶ 18.  The question remains whether applicant may lawfully perform those legal services in Arizona.  Applicant has been disciplined by the Oregon Supreme Court for "practicing law in a jurisdiction where to do so was in violation of regulations of the profession in that jurisdiction in violation of the Standard of Professional Conduct established by law and by the Oregon State Bar."  Although counsel raised this in response to the *first* application, applicant has wholly failed to address this issue in his resubmitted application.  Applicant has not told this Court whether the extensive legal practice he has previously declared to this Court amounts to the practice of law in violation of his status granted by the Arizona Bar, which would be a concern of the Oregon State Bar and hence the bar of this Court.

Page 8 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22338672v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Attached is the Arizona Unlawful Practice of Law Advisory Opinion 10-02, dated February 2010.  Bosworth Decl., ¶ 2.  Although it deals with what it terms "out-of-state lawyers," it must be remembered that it is discussing lawyers who are not licensed to practice law in Arizona.  That is applicant, in short, *except* for his strictly limited representation of *one* in-house corporation, *not* the vast practice he describes to this Court in paragraphs 17 and 18 of Docket 11.  Application of the Opinion means that because applicant resides in Arizona, he may *not* practice law except as authorized and limited by Supreme Court Rule 38(h) attached as Exhibit 3, page 2 to counsel's previous declaration.  Applicant has failed to address this issue at all.

DATED this 30th day of July, 2013.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Duane A. Bosworth
**Duane A. Bosworth**, OSB #825077
**Tim Cunningham**, OSB #100906
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
duanebosworth@dwt.com

Attorneys for Plaintiff

Page 9 - RESPONSE TO SECOND APPLICATION FOR SPECIAL ADMISSION - *PRO HAC VICE*

DWT 22338672v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax