# UPL Advisory Opinion
## 10-02
### (February 2010)

### Out of State Attorney Practicing Law in the State of Arizona

This is an Advisory Opinion regarding whether an attorney admitted to practice law in a jurisdiction other than Arizona may practice the law of that other jurisdiction while residing in the state of Arizona.[1]

**Issues:**

1. May an out-of-state lawyer, not admitted to practice law Arizona but living in Arizona, practice law limited to the law of jurisdictions in which he is admitted?
2. If so, may such work be performed through an existing law firm in the state in which the lawyer is admitted or if the work may be performed in an Arizona office of record, either the office of the out-of-state lawyer or an admitted Arizona attorney? No.

**Facts:**

An out-of-state lawyer admitted to practice law in states other than Arizona wishes to relocate to Arizona and to practice law of the states in which he is admitted while physically present in Arizona. The lawyer seeks an advisory opinion regarding whether a lawyer may practice the law of states in which he is admitted while physically present in Arizona if the lawyer clearly discloses the jurisdictional limitations of his practice on his letterhead and business cards, does not solicit or advertise to Arizona residents, and does not practice Arizona law. The lawyer further inquires whether such work may be performed in an Arizona office of record, either that of the lawyer admitted to practice out of state or that of an attorney admitted to practice in Arizona.

**Relevant Authority:**

Arizona Supreme Court Rule 31:
**Rule 31. Regulation of the Practice of Law**
(a) Supreme Court Jurisdiction Over the Practice of Law.
1. Jurisdiction. Any person or entity engaged in the practice of law or unauthorized practice of law in this state, as defined by these rules, is subject to this court's jurisdiction.
2. Definitions.
    A. "Practice of law" means providing legal advice or services to or for another by:
        (1) preparing any document in any medium intended to affect or secure legal rights for a specific person or entity;
        (2) preparing or expressing legal opinions;

---

[1] **Opinions of the Committee are advisory in nature only and are not binding in any disciplinary or other legal proceedings. © 2010 State Bar of Arizona**

Exhibit 2
Page 1 of 5

> (3) representing another in a judicial, quasi-judicial, or administrative proceeding, or other formal dispute resolution process such as arbitration and mediation;
> 
> (4) preparing any document through any medium for filing in any court, administrative agency or tribunal for a specific person or entity; or
> 
> (5) negotiating legal rights or responsibilities for a specific person or entity.
> 
> B. "Unauthorized practice of law" includes but is not limited to:
> 
>> (1) engaging in the practice of law by persons or entities not authorized to practice pursuant to paragraphs (b) or (c) or specially admitted to practice pursuant to Rule 33(d); or
>> 
>> (2) using the designations "lawyer," "attorney at law," "counselor at law," "law," "law office," "J.D.," "Esq.," or other equivalent words by any person or entity who is not authorized to practice law in this state pursuant to paragraphs (b) or ( c) or specially admitted to practice pursuant to Rule 33(d), the use of which is reasonably likely to induce others to believe that the person or entity is authorized to engage in the practice of law in this state.
> 
> C. "Legal assistant/paralegal" means a person qualified by education and training who performs substantive legal work requiring a sufficient knowledge of and expertise in legal concepts and procedures, who is supervised by an active member of the State Bar of Arizona, and for whom an active member of the state bar is responsible, unless otherwise authorized by supreme court rule.
> 
> D. "Mediator" means an impartial individual who is appointed by a court or government entity or engaged by disputants through written agreement, signed by all disputants, to mediate a dispute.

(b) Authority to Practice. Except as hereinafter provided in section (d), no person shall practice law in this state or represent in any way that he or she may practice law in this state unless the person is an active member of the state bar.

(c) Restrictions on Disbarred Attorneys' and Members' Right to Practice. No member who is currently suspended or on disability inactive status and no former member who has been disbarred shall practice law in this state or represent in any way that he or she may practice law in this state.

(d) Exemptions. Notwithstanding the provisions of section (b), but subject to the limitations of section (c) unless otherwise stated:

27. Nothing in these rules shall affect the ability of lawyers licensed in another jurisdiction to engage in conduct that is permitted under ER 5.5 of the rules of professional conduct.

**Rule 42: Arizona Rules of Professional Conduct**

Exhibit 2
Page 2 of 5

**ER 5.5. Unauthorized Practice of Law**

(a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

(b) A lawyer who is not admitted to practice in this jurisdiction shall not:

(1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law, or

(2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction.

(c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:

(1) are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter.

(2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;

(3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission; or

(4) are not within paragraphs (c)(2) or (c)(3) and arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.

(d) A lawyer admitted in another United States jurisdiction, or a lawyer admitted in a jurisdiction outside the United States, not disbarred or suspended from practice in any jurisdiction, and registered pursuant to Rule 38(i) of these rules, may provide legal services in this jurisdiction that:

(1) are provided to the lawyer's employer or its organizational affiliates and are not services for which the forum requires pro hac vice admission, or

Exhibit 2
Page 3 of 5

        (2) are services that the lawyer is authorized to provide by federal law or other law of this jurisdiction.

(e) Any attorney who engages in the authorized multijurisdictional practice of law in the State of Arizona under this rule must advise the lawyer's client that the lawyer is not admitted to practice in Arizona, and must obtain the client's informed consent to such representation.

(f) Attorneys not admitted to practice in the State of Arizona, who are admitted to practice law in any other jurisdiction in the United States and who appear in any court of record or before any administrative hearing officer in the State of Arizona, must also comply with Rules of the Supreme Court of Arizona governing pro hac vice admission.

(g) Any attorney who engages in the multijurisdictional practice of law in the State of Arizona, whether authorized in accordance with these Rules or not, shall be subject to the Rules of Professional Conduct and the Rules of the Supreme Court regarding attorney discipline in the State of Arizona.

**Discussion:**

**1. May an out-of-state lawyer, not admitted in Arizona but residing in Arizona, practice law limited to the law of his home-licensed jurisdictions? No.**

No person shall practice law in this state or represent in any way that he or she may practice law in this state unless the person is an active member of the state bar or that person's conduct comes within the exemptions to Arizona Supreme Court Rule 31 including exemption 27 permitting legal services as set out in Arizona's multi jurisdictional practice rules at ER 5.5. Until s/he is admitted to practice law in Arizona, an out-of-state lawyer is a non-lawyer in Arizona and as such can only engage in conduct permitted by the exemptions to Rule 31 or the multi-jurisdictional practice rules at ER 5.5. The multijurisdictional practice rule ER 5.5(c) addresses the practice by attorneys who are in Arizona temporarily. The rules at ER 5.5 do not address and cannot be extended to permit the practice of law by an out-of-state lawyer permanently residing in Arizona unless the lawyer is in-house counsel.

Consistent with the Supremacy Clause and preemption doctrine, Rule 31 exemptions and MJP rules at ER 5.5 permit out-of-state lawyers to practice federal law as authorized by federal law and rules. The Supremacy Clause does not extend to laws of other states. Neither the exceptions to Rule 31 nor the MJP rules at ER 5.5 permit the out-of-state lawyer to engage in the practice of law of the out-of-state lawyer's jurisdiction while s/he resides in Arizona.

Rule 31(a)(2)(A) defines the "Practice of law" as providing legal advice or services to or for another... " The rules do not limit the term "practice of law" to Arizona law. ER

Exhibit 2
Page 4 of 5

5.5(d)(2) assumes the practice of law is not limited to Arizona law. The multi-jurisdictional rule carves out a "safe harbor" in 5.5(d) for practice of law by an out-of-state lawyer stating the "lawyer admitted in another United States jurisdiction ... may provide legal services in this jurisdiction that ... are services that the lawyer is authorized to provide by federal law or other law of this jurisdiction." The rule permits that lawyer to provide legal services authorized by federal law and the law of Arizona, and does not permit the out-of-state lawyer to provide legal services authorized by another state's jurisdiction. One can not extend the authorization to engage in the practice of federal law to an authorization to engage in the practice of the out-of-state lawyer's state of admission.

**2. If so, may such work be performed through an existing law firm in the state in office of record, either the office of the out-of-state lawyer or an admitted Arizona attorney? No.**

An out-of-state lawyer who is not admitted to practice law in Arizona and permanently resides in this state may only engage in the conduct permitted in the exceptions to Rule 31 that do not permit him or her to practice the laws of his or her admitted jurisdiction. Therefore, the out-of-state lawyer may not establish an office in Arizona for the practice of law consistent with ER 5.5(b): "A lawyer who is not admitted to practice in this jurisdiction shall not: (1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law…."

**Conclusion:**

An out-of-state lawyer, not admitted to practice in Arizona but living in Arizona, may not practice law limited to the law of jurisdictions in which he is licensed. The out-of-state lawyer may not perform the practice of law in an Arizona office of record, either the office of the out-of-state lawyer or an admitted Arizona attorney.

Exhibit 2
Page 5 of 5