Todd Bofferding, OSB #883720
Bofferding Law Office, P.C.
Attorney at Law
P.O. Box 539
1215 B St.
Hood River, Oregon 97031
541.386.7924
tbofferding@gorge.net

Attorney for Defendant American Buddha

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| PENGUIN GROUP (USA) INC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-CV-00497-HU |
| | ) | |
| v. | ) | ANSWER OF DEFENDANT |
| | ) | AMERICAN BUDDHA |
| AMERICAN BUDDHA, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

Answering the Complaint of Plaintiff Penguin Group (USA) Inc. ("Plaintiff"), Defendant American Buddha ("Defendant") admits, denies, alleges as follows:

1.  Defendant admits that Penguin seeks injunctive relief and damages, and denies the balance of the allegations alleged in paragraph 1.

2.  Defendant admits the matters alleged in paragraph 2.

3.  Defendant admits the matters alleged in paragraph 3.

4.  Defendant admits the matters alleged in paragraph 4.

5.  Defendant admits the matters alleged in paragraph 5.

6.  Defendant denies the matters alleged in paragraph 6.

7. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 7, and on that basis denies the same.

8. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 8, and on that basis denies the same.

9. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 9, and on that basis denies the same.

10. Defendant admits that Plaintiff's attorneys contacted Defendant's attorney regarding matters alleged in this action, and exchanged written communications in which legal assertions were made by attorneys for both parties, and denies the balance of the matters alleged in paragraph 10.

11. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 11, and on that basis denies the same.

12. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 12, and on that basis denies the same.

13. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 13, and on that basis denies the same.

14. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 14, and on that basis denies the same.

15. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 15, and on that basis denies the same.

16. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 16, and on that basis denies the same.

17. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 17, and on that basis denies the same.

18. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 18, and on that basis denies the same.

19. Defendant lacks information or belief sufficient to admit or deny the matters

alleged in paragraph 19, and on that basis denies the same.

20. Defendant admits that the District Court in the Southern District dismissed the action for lack of personal jurisdiction. As to the balance of the allegations of paragraph 20, responds that the matters alleged in paragraph 20 are interpretations of law not susceptible of admission or denial, proof or disproof, and on that basis denies the same.

21. Defendant admits that Plaintiff appealed the dismissal by the District Court. As to the balance of the allegations of paragraph 21, defendant responds that the matters alleged in paragraph 21 are interpretations of law not susceptible of admission or denial, proof or disproof, and on that basis denies the same.

22. Defendant admits that the Second Circuit panel reversed the District Court's judgment of dismissal and remanded for further proceedings in District Court. As to the balance of the allegations of paragraph 22, defendant responds that the matters alleged in paragraph 22 are interpretations of law not susceptible of admission or denial, proof or disproof, and on that basis denies the same.

23. Defendant admits that the District Court in the Southern District dismissed the action for lack of personal jurisdiction a second time on March 7, 2013. As to the balance of the allegations of paragraph 23, defendant responds that the matters alleged in paragraph 23 are interpretations of law not susceptible of admission or denial, proof or disproof, and on that basis denies the same.

24. Defendant repeats and realleges each admission, denial, and partial denial previously made herein as if set forth in full hereat.

25. Defendant lacks information or belief sufficient to admit or deny the matters alleged in paragraph 25, and on that basis denies the same.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

## AFFIRMATIVE DEFENSES

1. As and for a First Affirmative Defense, Defendant pleads that the three-year statute of limitations under 17 U.S.C. § 507 has run; wherefore, Plaintiff's claims are time-barred.

2. As and for a Second Affirmative Defense, Defendant pleads that Plaintiff's claims are barred by laches.

3. As and for a Third Affirmative Defense, Defendant pleads that it is a library, and entitled to the traditional common-law exemption from liability for copyright infringement.

4. As and for a Fourth Affirmative Defense, Defendant pleads that it is a library, and entitled to the statutory exemption from liability for copyright infringement under 17 U.S.C. § 107, and all related defenses.

5. As and for a Fifth Affirmative Defense, Defendant pleads that it is a library, and entitled to the statutory exemption from liability for copyright infringement under 17 U.S.C. § 107, and all related defenses.

6. As and for a Sixth Affirmative Defense, Defendant pleads that NaderLibrary.com and American-Buddha.com are independent creative works that transform the works from which it is derived through intensive hyperlinking to create a larger, protectable work that is not subject to claims of copyright infringement.

7. As and for a Seventh Affirmative Defense, Defendant pleads that its conduct is a privileged exercise of freedom of expression under the Oregon Constitution, Article 8.

8. As and for a Eighth Affirmative Defense, Defendant pleads that Plaintiff has engaged in copyright abuse with respect to the market for eBooks, by, inter alia, engaging in a price-fixing conspiracy with Apple, Inc., and other publishing houses, pursuant to

which Plaintiff stipulated to remedial sanctions.  *United States v. Apple, Inc., et al.*, Case No. 1:12-CV-2826 (SDNY 5/17/2013).   Wherefore, Plaintiff is barred from recovery.

9.     Defendant pleads that Plaintiff's allegations fail to state a claim, and therefore Plaintiff may have no recovery thereon.

WHEREFORE Defendant prays that Plaintiff be denied all relief on its Complaint, and that costs inclusive of attorneys fees be awarded to Defendant pursuant to 17 U.S.C. § 505.

Dated September 5,  2013             /s/ *Todd E. Bofferding*_____
                                      Todd E. Bofferding, OSB #883720
                                      Bofferding Law Office, P.C.
                                      Attorney for Defendant American Buddha
                                             1215 B Street, P.O. Box 539
                                             Hood River, OR 97031
                                             541.386.7924
                                             tbofferding@gorge.net

<u>JURY DEMAND</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a jury trial.

DATED September 5, 2013          /s/ *Todd E. Bofferding*
                                 Todd E. Bofferding, OSB #883720
                                 Bofferding Law Office, P.C.
                                 Attorney for Defendant American Buddha
                                      1215 B Street, P.O. Box 539
                                      Hood River, OR 97031
                                      541.386.7924
                                      tbofferding@gorge.net