Todd Bofferding, OSB #883720
Bofferding Law Office, P.C.
Attorney at Law
P.O. Box 539
1215 B St.
Hood River, Oregon 97031
541.386.7924
tbofferding@gorge.net

Attorney for Defendant American Buddha

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| PENGUIN GROUP (USA) INC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:13-CV-00497-HU |
| | ) | |
| v. | ) | DEFENDANT'S MEMORANDUM |
| | ) | IN OPPOSITION TO PLAINTIFF'S |
| AMERICAN BUDDHA, | ) | AMENDED COMPLAINT |
| | ) | |
| Defendant. | ) | |

Defendant, by and through Todd Bofferding, of the Bofferding Law Office, P.C., hereby Objects, and does not Consent to, Plaintiff's Amended Complaint. The below memorandum supports the position that Plaintiff's Motion for Leave to File an Amended Complaint should be denied.

**Procedural History**

Fifty-six months ago, on December 23, 2008, Penguin first enunciated what might be called the "Virtual-Only Library Doctrine" – the proposition that "virtual-only" libraries do not qualify for the library exemption from copyright liability.[1] On February

---
[1] The occasion was a December 23, 2008 letter from Penguin's New York attorney, Thomas Kjellberg, to counsel for Defendant. (Carreon Dec. ¶ 4.) Mr. Kjellberg contends that the Virtual-Only Library Doctrine may be discerned from legislative history. Defendant has never taken any legal position on the legitimacy of the Virtual-

1 – DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED COMPLAINT

20, 2009, in Penguin's first letter brief filed in the Southern District of New York, Mr. Kjellberg informed the Hon. Gerard Lynch of the Virtual-Only Library Doctrine by quoting his own December 23rd letter to Defendant's counsel:

> "[Y]our client is not qualified for *the Section 108 exception, which does not apply to virtual-only libraries and archives, i.e., those that do not conduct their operations through physical premises.*'"

Mr. Kjellberg was not speaking in error or without authority.  In its opposition to the first motion to dismiss for lack of personal jurisdiction, Penguin focused on the Virtual-Only Library Doctrine as a "purely legal" assertion and <u>the central issue in the case</u>:

> "The *only question* for the Court will be the *purely legal* one of American Buddha's purported defenses under, inter alia, the fair use privilege of Section 107 of the Copyright Act, and *the "library privilege" of Section 108—which has never applied and does not apply to 'virtual libraries,* and would not excuse American Buddha's activities if it did."

After Judge Lynch dismissed the action without commenting on the Virtual-Only Library Doctrine, Penguin appealed to the Second Circuit, and in its opening brief, Penguin argued that Defendant runs an "online digital library," *i.e.*, a Virtual-Only Library that is not entitled to the library exemption from copyright liability:

> "Penguin informed American Buddha that *its claim that an online digital 'library' is entitled to the Section 108 'library exemption' is frivolous*."

On Wednesday July 3, 2013, counsel for plaintiff requested a stipulation to allow the filing of an amended complaint.  (Carreon Dec. ¶ 7.)  On July 17th, Penguin attempted to file an amended complaint that was stricken by the Court.  (Docket # 38.)  On July 22, 2013, Penguin filed the instant motion, seeking leave to excise the Virtual-Only Library Doctrine language from Paragraph 27 of the Complaint.  (Docket # 45.)

/

/

---

Only Library Doctrine, and has always taken the factual position that Defendant is not a Virtual-Only Library.

1. **The Standard For Deciding The Motion**

    The Ninth Circuit has cautioned that the policy of allowing amendment freely "must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant [and] undue prejudice to the opposing party … the presence of [which] counsels against granting leave to amend." *Schlacter-Jones v. General Telephone,* 936 F.2d 435, 443 (9th Cir.1991), *citing Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

2. **A Motion For Leave To Amend That Is Made In Bad Faith Can Be Denied**

    In *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137 (5th Cir., 1993), a wrongful death case where a child died when improperly dosed with codeine while suffering respiratory distress, the Fifth Circuit affirmed a District Court's refusal to allow an amendment to allege negligent mislabeling after defendant had filed a motion for summary judgment that disposed of other theories of liability. *Wimm v. Jack Eckerd Corp.*, 3 F.3d at 138. Although "the district court's deadline for amendments" was still nine months off, and no discovery had been conducted, the Fifth Circuit found the District Court had properly denied a motion for leave to amend that was "obviously interposed by plaintiffs in an attempt to avoid summary judgment…." *Wimm v. Jack Eckerd Corp.*, 3 F.3d at 138.

3. **There Are Multiple Indicia of Penguin's Bad Faith**

    a. **Penguin's Presentation of A Less Favorable Theory When A More Favorable Theory Proved Problematical Is Evidence of Bad Faith**

    "[W]here the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir., 1981), *citing Zenith Radio v. Hazeltine Research*, 401 U.S. 321, 332-33, 91 S.Ct. 795, 803, 28 L.Ed.2d 77, 88-89 (1971). The same situation is present in the instant case. Paragraph 27 alleges that the law is favorable to the Non-Virtual Library Doctrine, and for fifty-six months, Penguin has been seeking judicial approval for the doctrine, by preaching it in every venue. Penguin has decided to jettison the Non-Virtual Library Doctrine, however, because it comes with a price tag – the possibility that the Defendant

might take up the challenge and prove that it is, itself, a Non-Virtual Library, based in Tucson, Arizona. It is precisely that type of "cut and run" tactic that wastes judicial resources. "[I]t is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir., 1981).

### b. Penguin's Proposed Amendment "Provides No Practical Benefits," and Does Not "Expand Upon the Issues and Claims"

"[B]ad faith … can be inferred [because the proposed] amended complaint would have provided Wood with no practical benefits: it would not have expanded upon the issues and claims already present…." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir., 1983). The same is true of Penguin's new Paragraph 27 – but for Penguin's strong desire to end its association with the Virtual-Only Library Doctrine, the amendment is meaningless. It is not necessary for any purpose whatsoever. It will not expand the issues and claims already present, and for that reason, denial of the motion will cause no prejudice to Plaintiff.

### c. When The Moving Party's Purported "Mistake" Does Not Appear To Be An "Honest Mistake," That Is Evidence of Bad Faith

Penguin's claim that Paragraph 27 is a "mistake"[2] is bad faith, because simply pretending that intentional acts were mistakes in order to obtain leave to amend is bad faith. In *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1325 ( Fed. Cir. 2001), where the assignor of a patent sued for patent infringement instead of the patentee, the district court properly denied the assignor's motion for leave to amend to substitute the patentee

---

[2] Although undisputed evidence shows that Penguin professed the Virtual-Only Library Doctrine until July 3, 2013, when it decided to discard it as inconvenient, Penguin insists that Paragraph 27, like the cuckoo's chick appearing in the wrong nest, is the product of mistake: "[P]laintiff is not asserting 'virtual-only' in its infringement allegations, ***despite plaintiff's error*** in the now active complaint, has been clear for years in the litigation in the Southern District of New York." (Penguin Brief, Docket # 46, page 4, emphasis added.) "That plaintiff is *not* asserting "virtual-only" in its infringement allegations, ***despite plaintiff's error*** in the now active complaint, has been clear for years in the litigation in the Southern District of New York." (Penguin Brief, Docket # 46, page 5, emphasis added.)  "***Plaintiff made a mistake*** in the use of the phrase "virtual-only" in its complaint." (Penguin Brief, Docket # 46, page 6, emphasis added.)

4 – DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AMENDED COMPLAINT

as plaintiff, because the assignor's original allegations "were not honest and understandable mistakes."

Penguin's evident and earnest desire to withdraw what it once pushed as a point of argumentative advantage compels the conclusion that Penguin's counsel has chosen to use the term "error" as an abbreviation for "strategic error."

4. **The Motion Can Be Granted Only If Penguin's Change of Position Is Made Real And Permanent, By Imposing Conditions Sufficient To Preclude Penguin From Backtracking Yet Again and Reasserting The Virtual-Only Library Doctrine At A Later Stage In These Proceedings**

Penguin's amendment will cause prejudice to defendant if Penguin changes course and attempts to adduce proof and argument in support of the Virtual-Only Library Doctrine at trial or on summary judgment. "Prejudice exists under Rule 15(a) when a defendant would experience "undue difficulty in prosecuting a position as a result of a change in tactics or theories." *Boyds Collection, Ltd. v. Chambliss,* Case No. 1:CV-03-1416 (5/2/2005, M.D. Penn.), *quoting Zygmuntowicz v. Hospitality Invs., Inc.*, 151 F.R.D. 53, 55 (E.D. Pa. 1993).

By withdrawing paragraph 27 of the Complaint, Penguin is telling defendant that it was wrong, and the Virtual-Only Library Doctrine is an erroneous statement of law. Defendant will obviously suffer prejudice due to unfair surprise if Penguin reverses course in a few months and decides to resuscitate its reliance on the Virtual-Only Library Doctrine.

The Court therefore must condition the right to amend on Penguin's compliance with conditions. "Granting conditional leave allows a court to prevent prejudice, and at the same time, to freely allow amendments in accordance with the spirit of Rule 15." 4 *Moore's Federal Practice,* § 15.17[2]. To prevent prejudice to Defendant, the Court should condition amendment on an order that will take the Virtual-Only Library Doctrine out of contention in this action, and preclude the presentation of any declarations, lay or expert testimony, documentary or demonstrative evidence, or arguments of counsel

directed at establishing that Virtual-Only Libraries are barred from asserting any defense that is available to a "brick-and-mortar" libraries. The imposition of this condition will merely confirm that the change in legal position embraced by Penguin at this turning is a permanent one, and not a temporary pose assumed for the sake of convenience.

**5. Conclusion**

The Court is respectfully requested to grant the motion only upon the condition that Penguin shall be precluded from presenting any declarations, lay or expert testimony, documentary or demonstrative evidence, or arguments of counsel directed at establishing that Virtual-Only Libraries are barred from asserting any defense that is available to "brick-and-mortar" libraries.

DATED September 6, 2013          */s/ Todd E. Bofferding*

Todd E. Bofferding, OSB #883720

Bofferding Law Office, P.C.

Attorney for Defendant American Buddha

tbofferding@gorge.net

541.386.7924