**DUANE A. BOSWORTH, OSB** #825077
duanebosworth@dwt.com
**TIM CUNNINGHAM, OSB** #100906
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **PENGUIN GROUP (USA) INC.,**<br><br>                             **PLAINTIFF**,<br><br>     v.<br><br>**AMERICAN BUDDHA,**<br><br>                             **DEFENDANT**. | Case No. 3:13-cv-00497-HU<br><br>**PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION ON DEFENDANT'S MOTION TO TRANSFER** |

## I.      INTRODUCTION

This is a copyright infringement action.  It is not in dispute that defendant scans and reproduces *every single* page of *copyrighted*, *commercially available* works and places them, *in their entirety*, on the Internet for the entire world to read, *without permission* from the copyright owner.  No one, except Charles and Tara Carreon, respectively "in-house counsel" for and "sole employee" of defendant, believes this is permitted under United States copyright law.  In fact, Congress has addressed this very issue and has prohibited the digital distribution of entire

Page 1 -  OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

copyrighted works to the world on the Internet, *exactly* as one would expect.  Even to a lay person, the Carreons' position is wrong.  In legal terms, it is frivolous.

Plaintiff has sought to reach the merits of this matter since January, 2009, when it filed in federal court for the Southern District of New York.  A first ruling was that the situs of plaintiff's injury was not in New York, but rather in Oregon or Arizona, and the case was dismissed.  After certifying that issue to New York's highest state court, the Second Circuit held that injury did occur in New York and remanded for consideration of whether "substantial revenue" was derived by defendant in New York.  A ruling on March 7, 2013, held that there was a lack of substantial revenue; unlike Oregon's long-arm statute, New York's does not extend to the full measure of due process.

The present action was almost immediately begun, more than six months ago, with filing on March 22, 2013 and a very difficult service completed on April 5, 2013.  Defendant has, only weeks ago, in September, 2013 finally responded to the complaint as the court had to order (although an amended complaint was then pending and the time now for responding to that amendment has, again, expired).  In six months defendant has sought and obtained three extensions of time to respond and has additionally filed a motion to stay the matter.  Metadata demonstrates these documents are written by Mr. Carreon, not an attorney in this matter.  Defendant engendered other delay.  At the time of a very significant hearing in this matter, defense counsel could not be located; he then appeared and said he was not prepared to argue.  His client had not discussed the time and nature of the hearing.  On reset, Mr. Carreon reported he had terminated that counsel, and the matter was reset again, so that counsel could be obtained.  That took more weeks, while Mr. Carreon renewed and then withdrew a second application to appear *pro hac vice*, rather than comply with the Magistrate Judge requirement that Mr. Carreon provide a state bar confirmation of the extent of his license to practice.

Defendant, through Mr. Carreon, has *now* manufactured an issue in this matter in order to attempt to obtain transfer of venue, inevitably delay-causing.  The manufactured issue is simply

Page 2 - OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

not relevant to this matter. Defendant now claims the need for *Arizona witnesses* to establish that it has a "bricks and mortar" library, not a "virtual only" library. As described herein, that is not relevant. Congress has prohibited *any* library, and indeed, *any* person or entity, from digitally distributing entire copyrighted works on the Internet to the world without permission, the uncontroverted conduct orchestrated by Mr. Carreon. This manufactured issue, the purported necessity of Arizona witnesses to testify on an issue not material to this matter, forms the very backbone of defendant's motion to transfer.

Defendant's claims deserve examination. Plaintiff fully agrees with *the standard* the Magistrate Judge has set out for evaluating the motion to transfer. Plaintiff respectfully disagrees, however, with the application of that standard to the *facts*. As the Magistrate Judge states, consideration of a motion to transfer requires "particularized inquiry" which "necessarily includes an examination of the facts …." F&R, p. 6. Plaintiff respectfully contends that the conclusory claims manufactured by defendant do not stand up to examination in a "particularized inquiry." Upon examination, the balance of convenience is not "truly lopsided," as defendant itself has confirmed as the standard for consideration of this motion. ("The court will weigh the facts here to determine whether the balance of convenience is 'truly lopsided,'" citing a law review article stating that necessity for transfer. Dkt. 42, p. 2.) The inconvenience defendant claims relates to witnesses whose proffered testimony is simply not material and the purely generalized claim of other "evidence" in Arizona does not bear scrutiny and does not provide a "clear" or "strong" showing of the need to transfer from this forum.

## II.  OVERVIEW

The Magistrate Judge has recommended granting defendant American Buddha's motion to transfer venue. Plaintiff fully agrees with the standard the Magistrate Judge set out for evaluating such a motion:

> A defendant must make "a *clear showing* of facts which …
> establish such *oppression and vexation* of a defendant as to be out
> of proportion to plaintiff's convenience, which may be shown to be

Page 3 - OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

> slight or nonexistent." *Dole Food Company Seattle DLE Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2001) (internal quotation marks, brackets, and citations omitted). Indeed the *Dole Food* court observed that the doctrine of inconvenient forum "'is an exceptional tool to be employed sparingly, [not a] … doctrine that compels plaintiffs to choose the optimal forum for their claim.'" *Id.*, quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000).

F&R p. 6 (emphasis added). Plaintiff respectfully disagrees, however, with the Magistrate Judge's application of this standard to the facts here. The Magistrate Judge concluded: "Nevertheless, the balance of factors tips in American Buddha's favor. American Buddha's *physical library*, the vast *majority of its evidence*, and *most (or all) of its witnesses* are located in Tucson, Arizona." F&R pp. 10-11 (emphasis added). Plaintiff respectfully contends that a particularized inquiry regarding those matters demonstrates that they do not establish "a clear showing," or in many other decisions' words, a required "strong showing" supporting transfer from this forum.

### III. DISCUSSION

Defendant belatedly, after its first motion to transfer was denied for procedural reasons, manufactured a need for *Arizona* witnesses to testify about a matter that is simply not at issue in this case. Defendant has provided the declarations of four residents of Arizona, whose putative testimony is described in full by each:

> I would be able to testify to the existence and legitimate operation of a physical library at the Library Premises if a trial were held in Tucson, Arizona; however, because of the time and expense involved, I would not be able to testify in Portland, Oregon.

*See*, *e.g.*, Dkt. 27, p. 2. Strangely, the new claim of a "physical library" is at odds with the way defendant has always described itself in its own materials, as expressly *distinct* from "brick-and-mortar libraries." Dkt. 35, Ex. 6, p. 1. This is a new position for defendant, manufactured for this motion to transfer.

Most significantly, the proffered testimony is simply not material. It does not matter whether defendant can establish that it is a "physical library," which is the stated purpose of the

Page 4 - OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

witnesses' testimony. *No* library, whether physical or "virtual only," and indeed *no* institution of any kind *nor any* person may digitally distribute the entirety of copyrighted works like plaintiff's on the Internet, to the world, without permission. Such distribution to the world is *always* infringement, *regardless* of the *nature* of the infringer.

The testimony of defendant's putative Arizona witnesses, described in full in their declarations, dockets 27 to 30, is not material. A witness's amenability to compulsory process, or the convenience of the forum to a potential witness, is relevant *only* where that witness's testimony is *material*. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010); *see also* 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.13[1][f][v] (3d Ed. 2010) ("The materiality of the prospective witnesses [sic] testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be waived.") Defendant's manufactured witnesses do not provide a "strong showing" or "clear showing" favoring transfer. Their proffered testimony is not material.

The Magistrate Judge also cited as a second factor that "the vast majority of [defendant's] evidence … [is in] Tucson, Arizona." F&R, pp. 10-11. Plaintiff respectfully points out that defendant offered nothing more than that highly generalized conclusion, with absolutely no description of any evidence or of its possible relevance, nor *any* description concerning the nature or volume of any such claimed evidence. American Buddha's "headquarters" is in Charles and Tara Carreon's very modest residence, along with other corporations of theirs. Plaintiff does not anticipate the need for many, if any documents regarding the straightforward legal issue here. Defendant's conduct is documented. The legal issue is straightforward. The Court has been provided with no description of any evidence and no description of relevance, in support of a "clear showing" regarding transfer.

If there were in fact *any* relevant physical documents in this case, they could easily and cheaply be converted to electronic form. *Cf. Nike, Inc. v. Lombardi*, 732 F. Supp. 2d 1146, 1158 (D. Or. 2010) ("[T]his does not appear to be a document-intensive case. There appears to be no

Page 5 - OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

obstacle to electronic conversion of the documents wherever they are located."); *see also Krauss Craft, Inc. v. Ross Recreational Equip. Co.*, No. 08-3062-CL, 2009 WL 367521 at *8 (D. Or. Feb. 12, 2009) ("[T]he Federal Rules of Civil Procedure and technology advances will allow the parties to efficiently litigate this case in Oregon."). Plaintiff respectfully contends that particularized inquiry regarding defendant's purely conclusory claim of "evidence" in Arizona does not establish a "strong showing" or "clear showing" justifying transfer from this forum.

Nor is it the case that there needs to be any inspection of the "library" in Arizona, the third factor the Magistrate Judge relied upon in deciding the motion to transfer. No inspection of defendant's "physical library" is needed with regard to the issue in this case. Its existence is easily adduced without inspection but no evidence regarding it is in any event material. *The nature* of the infringer is not at all relevant here; *no* library of *any* kind *nor any* institution or person may digitally distribute the entirety of copyrighted works on the Internet, with access for anyone in the world, without permission. The "physical library" is not relevant.

In short, plaintiff respectfully disagrees with the Magistrate Judge's conclusion that: "Nevertheless, the balance of factors tips in American Buddha's favor" because "American Buddha's [1] physical library, [2] the vast majority of its evidence, and [3] most (or all) of its witnesses are located in Tucson, Arizona."

Plaintiff also respectfully contends there are four matters the Magistrate Judge did not fully consider.

First, the location of the very infringing conduct at issue here was in Oregon in substantial part, and not only in Arizona. That "the cause of action at least in part arises out of … Oregon activities," *Krauss Craft, Inc. v. Ross Recreational Equip. Co.*, 2009 WL 367521 at *8 (D. Or. 2009), is a factor weighing in favor of the selected forum.

Second, this forum has a special interest in the conduct of *Oregon* corporations, perhaps particularly where as here individuals orchestrating illegal conduct are hiding behind the skirts of

Page 6 - OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

an Oregon corporation to insulate themselves from liability. Oregon's interest is a factor favoring this forum.

Third, the Magistrate Judge did not fully note that defendant itself insisted upon a forum selection clause requiring all disputed matters to be litigated in the United States District Court for the District of Oregon regarding: (1) the very works at issue in this case and (2) within the very period of time at issue in this case. Even if one were to believe Tara Carreon's self-contradicting declaration regarding a purported attempt to later remove this forum selection clause from agreements that defendant entered into with its viewing "members," *that* purported attempt did not occur until "late summer 2010," Dkt. 44, p. 4, well within the period of conduct at issue in *this* matter. During the period of time at issue in this lawsuit, and regarding the *very works* infringed in this lawsuit, defendant required by its own telling over 50,000 "signed up" members to consent to litigate any issue regarding the use of works, including plaintiff's works, in federal court in Oregon. That is relevant in the balancing of all factors. Moreover, the presence of a forum selection clause prevents a defendant from asserting its own inconvenience as a reason supporting its motion to transfer. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Fourth, plaintiff respectfully contends that 28 U.S.C. § 1404, requiring inquiry into the "interests of justice," should consider delay. Plaintiff urgently seeks to reach the merits in this matter. In multiple motions, requests for extension of time, request for stay, termination of counsel, withdrawal of *pro hac vice* application and labored hiring of new counsel, defendant has orchestrated delay. Defendant has only just responded for the first time to a complaint (but has not responded to the amended complaint, as required). Transfer to Arizona would result in delay. Both parties would need counsel. By his own admission, Mr. Carreon is not eligible to represent defendant in court in Arizona if there were a transfer, nor can he apply for *pro hac vice* admission there. Defendant currently *has* competent counsel in Oregon. On this date, October 4, 2013, Mr. Carreon is advertising online that: "Attorneys wishing to work on this case in

Page 7 - OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Arizona on a pro bono basis should contact Charles Carreon through his website by filling out a questionnaire." Mr. Carreon's website, however, does not contain any such questionnaire. Declaration of Duane A. Bosworth. Further delay is inevitable. *Cf. McCloskey v. United Parcel Serv. General Servs. Co.*, Civ. No. 95-420-FR, 1996 WL 19401 at *2 (D. Or. Jan 12, 1996) (discussing delay and inconvenience involved in new counsel upon transfer); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 278-79 (9th Cir. 1980) (affirming a denial of transfer where "[plaintiff's] choice of forum must be given some weight. The district court was familiar with the case and transfer may have led to delay."). Plaintiff respectfully suggests that consideration of yet further delay, with regard to the interests of justice, has not been sufficiently weighed.

## IV.    CONCLUSION

As the Magistrate Judge described, it is defendant's burden to make a clear showing of facts which establish the "oppression" and "vexation" of a defendant that would occur unless transfer were granted. F&R, p. 6. Plaintiff respectfully contends that no oppression or vexation has been demonstrated here. Plaintiff has urgently sought to get to the merits of this matter. Infringing conduct which is the subject of this lawsuit arose in Oregon. That conduct was orchestrated by Charles Carreon and his wife, who seek to hide behind the protections of an *Oregon* corporation. In its earlier ruling on defendant's Rule 41(d) motion to stay the matter, and for fees, the Magistrate Judge quoted with approval the "well-reasoned opinion of the Southern District of New York" and in particular stated:

> The [Southern District] court noted that plaintiff's re-filing of the action in the District of Oregon demonstrated its clear "interest in reaching the merits of its claim." *Id*. p. 4. The court found that plaintiff had not, at any time, employed any dilatory, vexatious, harassing or other improper tactics in pursuing [the action].

Order, Dkt. 36, p. 7. The Magistrate Judge also concluded in that order that "The Court finds the plaintiff's re-filing of the case in Oregon, the State in which defendant is incorporated, is neither forum shopping, nor done for purposes of harassment." *Id*. at pp. 7-8. This is relevant

Page 8 - OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

background to plaintiff's choice of forum. The record also describes that plaintiff Penguin had a preexisting relationship with Davis Wright Tremaine counsel, who were up to speed on the issues and it has no such relationship in Arizona. Plaintiff respectfully submits there is no clear showing that continuing in Oregon is oppressive or vexatious, in light of the real facts regarding defendant's premises, "evidence," and witnesses, none of which are material, along with the facts that defendant is an Oregon corporation and this forum has an interest in Oregon corporations' conduct, which infringing conduct arose in Oregon, and not only in Arizona. Plaintiff respectfully contends that what the Magistrate Judge has termed three factors in favor of transfer, (1) the presence of the "physical library," (2) the "majority of … evidence," and (3) "most (or all) of [defendant's] witnesses" in Arizona, do not, upon particularized inquiry, demonstrate a "clear showing" or a "strong showing" for transfer.

DATED this 4th day of October, 2013.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Duane A. Bosworth
**Duane A. Bosworth**, OSB #825077
**Tim Cunningham**, OSB #100906
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
duanebosworth@dwt.com

Attorneys for Plaintiff

Page 9 - OBJECTIONS TO FINDINGS AND RECOMMENDATION ON MOTION TO TRANSFER

DWT 22710889v1 0061270-000015

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax